CHARLES O. VOSE

*v.*

WILLIAM A. STRONG *et al.*

*Filed at Ottawa, January* 19, 1893.

1. STATUTE OF FRAUDS — *contract for a share in the increase in the value of lands.* A claim of an agent that he was to have a certain percentage in the increase in value of the lands of his principal for his looking after the same and collecting the rents, etc., being in the nature of a lien upon or interest in such lands, is within the Statute of Frauds.

2. SAME — *performance of oral contract* — *taking the case out of the statute* — *proof required.* Even where there is performance of an oral contract sufficient to take the case out of the statute, a court of equity will not enforce such contract, unless the proof of its terms is clear and satisfactory.

3. WITNESS — *competency in his own behalf* — *contract between witness and testator.* The complainant in a bill against the executors of the will of a deceased person for an accounting of the sum due him

from the testator at the time of his death is, under section 2, chapter 52, of the statute, incompetent to testify in his own behalf as to the contract between himself and the testator.

4. APPEALS AND WRITS OF ERROR — *failure to assign cross-errors — questions not considered.* Where the appellee fails to assign for cross-error the finding of a special contract against him, and that there is a variance between the complainant's allegations in his bill and the proofs, those questions will not be before this court for consideration.

APPEAL from the Appellate Court for the Second District; — heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. GEO. S. HOUSE, for the appellant.

Mr. C. W. BROWN, for the appellees.

CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by Charles O. Vose against William A. Strong, Robert Meers and Asa F. Mather, executors of the last will and testament of Martin C. Bissell, deceased, and trustees thereunder, for an accounting, and to establish a claim against the estate of the testator, upon an express contract alleged to have been entered into by the complainant and the testator, in the lifetime of the latter. It appears that in the year 1881, Bissell, who resided at Joliet, was a man of considerable means, and was and for many years had been engaged quite extensively in the business of loaning money, buying and discounting notes and other paper, and in miscellaneous trading, and was also the owner of considerable amount of real estate. At that time this business was, and for some years had been, under the management of William Grinton, subject to Bissell's general supervision, Grinton being in Bissell's service under a written agreement by which his duties were defined and his compensation fixed. About March 1, 1881, the complainant entered the service of Bissell in the management of his business, and the principal controversy in the case relates to the terms of the contract under which he was

employed, and under which he subsequently rendered services to Bissell.

The bill alleges, in substance, that Bissell represented to the complainant that he was quite feeble in health and was then becoming too old to give the necessary personal attention to his business, and therefore desired to make some arrangement with the complainant to take the management of the business, in connection with Grinton; that on the 1st of March, 1881, the complainant, with the understanding held out by Bissell that he should have an interest of some character in the business, commenced work in the management of Bissell's affairs, without any definite arrangement as to compensation, or as to what interest in the business he should finally have; that he continued this service, both for the purpose of learning the business, and also with a view of allowing Bissell an opportunity of determining whether the services would be satisfactory to him, for about one year; that Bissell then expressed himself as entirely satisfied with the complainant, and stated that he was desirous of retaining the complainant's services permanently, under some fair arrangement; that after some negotiations, Bissell proposed to the complainant the following terms:

That they, Bissell and the complainant, should become interested in business together as *quasi* co-partners, upon the following basis: That Bissell should put into the business and under the control, charge and management of the complainant, subject to Bissell's supervision, all his property, both real and personal, (except his dwelling-house property where he then resided), together with all property, both real and personal, that he might thereafter acquire, the complainant to take the necessary and proper care of the same, doing all that he should be required to do by Bissell, or that should be required to be done in the interest of good business management; that this arrangement should continue during the lifetime of Bissell; that the value of the real estate then on hand and placed within

the control and management of the complainant should be that fixed by Bissell in his inventory book for the year 1881, after acquired real estate to be valued at its actual cost; that complainant should bear and pay one-eighth of all the losses sustained, and one-eighth of all taxes, insurance and repairs, and receive one-eighth of the income of the property, real and personal, then on hand and thereafter to be acquired; that, in addition he should receive one-eighth of the increase of real estate then on hand over and above the value as shown by the inventory, and one-eighth of the increase of all real estate thereafter acquired over its actual cost price during the continuance of the agreement, which was to be and continue during the lifetime of Bissell; that the real estate then held, or thereafter to be acquired, should be inventoried and re-valued by agreement of the parties yearly, and the increase in the value thereof thus determined.

The bill further alleges that the complainant accepted the foregoing proposition, and so advised Bissell; that the contract thus consummated was not reduced to writing and signed by the parties thereto, but rested and still rests in parol; that by the agreement of the parties, the contract was to relate back to March 1, 1881, the day the complainant entered Bissell's service; that the complainant continued the performance of the contract from the time it was made, and in all respects kept and performed it on his part, until it was terminated by the death of Bissell, which occurred May 12, 1888, and that it is now completely executed on the complainant's part; that Bissell, at the date of the contract, was the owner of divers pieces of real estate, and had since acquired the title to divers other pieces, which had become greatly enhanced in value; that the title to this real estate stood in the name of Bissell at the time of his death, and was now held by the defendants in trust, but subject to the lien, charge and claim of the complainant for one-eighth of such enhanced value; that although it was agreed between the complainant and Bissell that the

real estate should be inventoried and valued yearly, and the increase in its value thus fixed, no such adjustment or settlement was in fact made, and the matter was allowed to drift along without action in that respect; that the complainant's share in the earnings of the 'business arising from loaning money, discounting of paper, rents of real estate, etc., were credited to him on Bissell's books, the balance of credits in complainant's favor at the date of Bissell's death being $1,932.39, but that upon an accounting there would still be due him, principally from his share of the enhanced value of the real estate, upwards of $15,000.

The defendants answered, denying that the complainant had any contract with Bissell in respect to his services, but admitting that Bissell intended to pay him a reasonable compensation for what he did. The answer traverses the material allegations of the bill, and insists that upon a just accounting, the complainant would not be entitled to anything more than he had already been credited with. It also sets up and pleads the Statute of Frauds.

The cause being heard on pleadings and proofs, a decree was rendered finding that the complainant entered Bissell's service on or about March 1, 1881, under an agreement, in and by which the complainant agreed to look carefully after all Bissell's interests; keep his property in repair; make such changes in repairing, buying and selling as Bissell should direct; rent his property to the best advantage; do any office work which might be obtained to do, and transact any business which Bissell might direct, the complainant to pay one-third of the office rent and expenses, and one-eighth of the taxes, insurance and repairs upon the property, and to have and receive, in full payment for his services, one-eighth of the income, settlements to be made annually; that under that agreement and none other the complainant remained in Bissell,s employment and rendered services, up to May 12, 1888, the date of Bissell's death; that under the agreement, the complainant was and is

entitled to have one-eighth of Bissell's gross income during the period of such service, less one-eighth of the taxes, insurance and repairs and one-third of the office rent and expenses, but that he was not entitled to have or receive one-eighth or any part or portion of the rise in value or increase of the real estate of Bissell, whether such real estate remained unsold at Bissell's death or had been previously sold. It was thereupon ordered that the cause be referred to the master to state the account between the complainant and the estate of Bissell upon the foregoing basis. On appeal by the complainant to the Appellate Court, this decree was affirmed, and he now brings the record to this court by a further appeal.

The complainant assigns for error the finding of the trial court that the contract between him and Bissell did not provide that he should receive as a part of his compensation for his services, a share of the enhanced value of Bissell's real estate, and that under the contract, he was not entitled to receive one-eighth or any other part of such enhanced value. As the contract was not reduced to writing, its terms must be ascertained from the evidence, and whether the complainant's version of it or the one established by the decree is the true one is purely a question of fact, and it is the only material question presented by this appeal.

It is true the defendants, both by their answer and at the hearing, contested the question whether there was any express contract between the complainant and Bissell, their contention being that the contract was only an implied one, and that the complainant was entitled to recover compensation for his services only upon a *quantum meruit*, but the court having found otherwise, and the defendants having, by failing to assign cross-errors, acquiesced in that finding, there is no longer any controversy in that respect. It is also true that the contract which the court finds is the one established by the evidence, varies in many of its essential provisions from the one alleged by the complainant in his bill, and it may be that the defend-

ants, if they had seen fit to invoke and insist upon the rule that the complainant's *allegata* and *probata* must agree, and that if he recovers at all, it must be upon the case made by his bill, they would have been entitled to defeat a recovery on account of the want of agreement between the bill and the evidence. But that is an objection to the decree which the defendants alone are entitled to make, and as they are not complaining of the decree, that question is not before us for consideration.

The record contains no direct evidence of the terms of the contract. So far as appears, no third person was present at the time it was made. Bissell is dead, and as the defendants are defending as the executors and trustees of a deceased person, the complainant, who is both a party to and directly interested in the event of the suit, is, under the provisions of section 2, of chapter 51, of the Revised Statutes, incompetent as a witness. The evidence, which is necessarily all indirect and circumstantial, is very voluminous, and consists mainly of admissions, either direct or implied, claimed to have been made by Bissell in his lifetime. Any attempt on our part to analyze the evidence thus presented, in such way as to show what seems to us to be its fair probative force, would involve an expenditure of more time than we have at command, and would after all serve no useful purpose. We have been favored by counsel with able and very elaborate briefs and arguments, which we have carefully and fully considered, and the conclusion to which we have arrived is, that the present contention by the complainant, that he was to receive one-eighth of the increased value of Bissell's real estate as a part of the compensation for his services, is not sustained by the evidence.

Our conclusion is to some extent influenced by the consideration that the claim which the complainant is now seeking to enforce is in the nature of a lien upon or interest in the lands owned by Bissell in his lifetime, the right or interest thus sought to be enforced being one which is clearly within the

Statute of Frauds.   Even where there is performance or part performance of an oral contract sufficient to take the case out of the statute, a court of chancery will not enforce such oral contract unless the proof of its terms is clear and satisfactory. While there is some evidence tending to sustain the complainant's version of the contract, yet, when all the evidence is taken together, and is considered in the light of the conduct of the parties during the entire period of the complainant's service, and of their dealings with each other, it results, as we think, in no clear and satisfactory conclusion that the complainant was to receive a share of the enhanced value of Bissell's real estate, but rather the reverse.

We are of the opinion that the decree is sustained by the evidence, and the judgment of the Appellate Court affirming it will be affirmed.

*Judgment affirmed.*