WOLF GOLDSTEIN

*v.*

MARKS NATHAN.

*Filed at Ottawa October 11, 1895.*

</div>

1. STATUTE OF FRAUDS—*when contract for sale of lands by separate owners is within the statute.* An oral agreement between two separate owners of real estate purchased by their separate funds, to enter into a co-partnership with reference to a sale thereof, is invalid as a contract for an interest in or concerning lands, under the Statute of Frauds.

2. PLEADING—*when a bill for an accounting is sufficiently specific.* Averments of a bill for an accounting for the profits of real estate are sufficiently definite to authorize a finding when they state the purchase price and the selling price of the property, and that the net profits were to·be participated in by the parties.

*Goldstein* v. *Nathan*, 57 Ill. App. 389, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

The appellant filed in the circuit court of Cook county his bill in chancery, to which a demurrer was sustained and the bill dismissed for want of equity in that court, which, on writ of error, was affirmed by the Appellate Court.

The bill alleges that on the 11th day of June, 1890, and prior thereto, the complainant and the defendant were, respectively, owners of separate lots of land in the same subdivision in the city of Chicago; that each party paid for his own lot and held a deed therefor in his own name, which was recorded; that they had purchased said lots, respectively, with the knowledge and encouragement of each other, and for speculation incident to the location of the site of the World's Columbian Exposition; that the complainant paid $105 and the defendant paid $100 per front foot for the lot each purchased, and that each lot possessed a frontage of fifty feet; that, the parties being so possessed of and owning said lots severally, on June 1, 1890, the complainant proposed to the defendant "that they should make a joint venture or partnership in reference to said two lots, and that they should participate in the net proceeds to be derived from the sale of them; that one of said lots should be sold in a very short time * * * and the other lot should be held longer, to be sold as soon as the site of said exposition would be located and selected, which location was expected within a very few months thereafter; that defendant, after due consideration, accepted said proposition, and they agreed with each other to participate in the net profits or losses arising out of the purchase and ownership of said two lots for the aforesaid purposes; that several attempts were made by orator and defendant, upon the suggestion

of orator, to evidence the said agreement in writing, but * * * the agreement was not written out, and by common consent between orator and defendant the writing out of the agreement was abandoned, and orator rested securely on the oral agreement, which the defendant repeatedly acknowledged by consulting with orator in reference to the sale of his said lot, which, by agreement between the parties, was to be sold first; that in accordance with said agreement, and after consideration with the defendant, and relying upon said agreement, orator, with the knowledge, consent and approval of the defendant, sold said lot * * * by deed dated June 30, 1890, * * * and received therefor $175 per foot, thus realizing a profit of $3500 from said lot; that upon the making of the agreement for the sale of said lot, and at the final conclusion of the sale, orator consulted with the defendant, and procured his agreement and consent to the sale of the lot on or about July 14, 1890; * * * that as soon as said sale was closed and orator received the proceeds thereof, he applied to the defendant and offered to divide with him the net proceeds, as they had agreed to do, but defendant refused to recognize the agreement, with the evident purpose not to adhere to it, because the value of his lot was increasing from day to day; * * * that orator always insisted, in conversation with the defendant, that he must keep his engagement with him, and that he would insist upon an equal division of the profits whenever he should sell his lot; that on the 12th day of February, 1891, or thereabouts, Nathan sold his lot * * * and realized $270 per front foot,—a profit of $170 per foot; that as soon as said transaction was completed your orator again demanded of defendant that he come to an accounting with him and divide the profits of said two lots, but he declined to do so, and has ever since declined to do so, which acts are against good conscience; that he and the defendant had agreed to share in the net profits of the said transactions; that orator in-

curred certain expenses in and about making sale of his said premises which ought to be stated in the account, and that if like expenses were incurred by the defendant in the sale of his lot, orator is willing that the same shall be taken into the account, and that the net balance should be divided between the parties as was agreed to be done." The bill concluded with a prayer for an accounting between the parties, and for relief accordingly.

MOSES, PAM & KENNEDY, for appellant:

An oral contract by two or more persons to purchase real estate for their joint benefit is not within the statute. *Speyer* v. *Desjardins*, 144 Ill. 641.

This authority would seem to be sufficient, but there are many others. *Babcock* v. *Read*, 99 N. Y. 609; *Traphagen* v. *Burt*, 67 id. 30; *Chester* v. *Dickerson*, 54 id. 1; *Coleman* v. *Eyre*, 45 id. 39; 2 Vesey, 696; *Getty* v. *Devlin*, 54 N. Y. 403; *Bissell* v. *Harrington*, 18 Hun, 81; *Bunnel* v. *Taintor's Admr.* 4 Conn. 568.

In *Marsh* v. *Davis*, 33 Kan. 326, it was held immaterial whether the real estate was bought after the formation of the partnership or whether part of it was put in at the formation, if the parties acted and became partners.

The property has been sold, and nothing remains but to account for the profits. The Statute of Frauds in no way controls the question. *Holmes* v. *McCrey*, 51 Ind. 358; *Chester* v. *Dickerson*, 54 N. Y. 1; *Trowbridge* v. *Wetherbee*, 11 Allen, 361; 8 Am. & Eng. Ency. of Law, 700-704; *Bruce* v. *Hastings*, 41 Vt. 380; Browne on Statute of Frauds, sec. 259.

MORAN, KRAUS & MAYER, for appellee:

This agreement not being in writing, and not being for the future acquisition and sale of real estate, but affecting lands already owned by the parties, is within the Statute of Frauds, and cannot be enforced. 1 Starr & Curtis' Stat. chap. 59, sec. 2; Browne on Statute of Frauds, (4th ed.) sec. 266; *Irwin* v. *Hubbard*, 49 Ind. 350; *Miller* v. *Kendig*, 55 Iowa, 174; *Henderson* v. *Hudson*, 1 Munf. 510; *Walker* v.

*Herring*, 21 Gratt. 678; *Bird* v. *Morrison*, 12 Wis. 153; *Fischli*
v. *DuMaresly*, 3 A. K. Marsh. 947; *Caddick* v. *Skidmore*, 2
DeG. & J. 52.

We submit that here the defendant's promise to sell is
alone sufficient to bring the case within the statute.    If
part of an entire contract is within the statute, the whole
is governed by it.   Courts will not sever the contract so as
to give force to the part without the statute.    3 Reed on
Statute of Frauds, sec. 735; *Meyers* v. *Schemp*, 67 Ill. 469.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

Two questions are presented and discussed as arising
on this record:   One, the indefiniteness of the agreement
between the parties; and the other, the application of
the Statute of Frauds to the facts in the bill stated.   The
latter proposition will be first considered.

Section 2, chapter 59, of our Statute of Frauds and
Perjuries, (Starr & Curtis' Stat. p. 1192,) provides:   "No
action shall be brought to charge any person upon any
contract for the sale of lands, tenements or heredita-
ments, or any interest in or concerning them, for a longer
term than one year, unless such contract, or some mem-
orandum or note thereof, shall be in writing and signed
by the party to be charged therewith, or some other
person thereunto by him lawfully authorized in writing,
signed by such party."

The averment of the bill is, "that, the parties being so
possessed of and owning said lots severally, on June 1,
1890, the complainant proposed to the defendant that
they should make a joint venture or partnership in ref-
erence to said two lots, and that they should participate
in the net proceeds to be derived from the sale of them;
that one of said lots should be sold in a very short time
and the other lot should be held longer," etc.   The right
of each party to this agreement has been severally ac-
quired to each separate lot, the title to which was held

in severalty at the time of the alleged agreement. By the terms of the agreement the rights acquired, by virtue of the deed, by the appellee to his lot were sought to be qualified and limited. By this agreement, in consideration of appellant agreeing to divide with appellee the profits made by appellant on the sale of his lot, appellee was to divide with appellant the profits on his lot when sold. The contract was executory. Both sales were made, and it is sought to enforce the agreement as against appellee. The contract was not in writing. The agreement affected real estate the title to which had been acquired by appellee before the agreement. If the appellant had any interest in the lot it was by virtue of the agreement relied upon, and was by parol, and would be within the statute. It is clear that an interest acquired in the land of another by a parol agreement is within the statute. This proposition is not controverted by the appellant, but it is urged that an agreement for a partnership for the purpose of dealing and trading in lands for profit is not within the statute, and the fact of the existence of the partnership and extent of each party's interest may be shown by parol. In this connection it is insisted, that, it appearing from the bill that the lots have been sold, nothing remains but to account for the profits, and it is denied the Statute of Frauds in any way controls the question.

It is true that a partnership may exist for the purpose of dealing in lands for profit, and the existence of such partnership, and the extent of the interests of the respective partners, may be shown by parol. (*Speyer* v. *Desjardins,* 144 Ill. 641; *Traphagen* v. *Burt,* 67 N. Y. 30; *Chester* v. *Dickinson,* 54 id. 1; *Getty* v. *Devlin,* id. 403.) There is a wide distinction, however, in an agreement for one to become interested in the profits of certain land already purchased and owned by another, and an agreement to share in the benefits to be derived from lands to be thereafter acquired. Where lands are purchased by a partnership and

paid for with the moneys thereof, or acquired as partnership property in the usual course of business of such partnership, a court of equity may treat such real estate as partnership funds, and, as a consequence, as personal property.   This rule grows out of the nature of the partnership relation, and is rendered necessary for the purpose of doing justice between the parties, or between the firm and others doing business and having dealings therewith.   (*Black* v. *Black*, 15 Ga. 445.)   In this case, the land was not purchased by appellant in the name of appellee and the purchase money furnished by appellant.   It is not a case of a purchase of lands paid for out of partnership funds and a deed taken to appellee.   No partnership funds existed.   There was therefore no resulting trust in appellant, and whatever interest he is alleged by the bill to have acquired was by virtue of his contract.   The lot was owned by appellee at the time of the contract and paid for by his money, and any interest in the land or the proceeds growing out of the alleged contract can not be severed and made to apply to the profits as distinct from the land itself.   If the appellant acquired an interest in appellee's lot by virtue of his contract, it attached upon the contract being made.   If such interest attached and the land had not been sold, the appellant would have been entitled to his moiety therein.   Had appellee died before sale, and appellant had an interest in the lot, he would have the right to sell and wind up the partnership affairs.   It is only by having acquired an interest in the lot that he could have acquired an interest in the proceeds of the sale.   We hold, that where two separate owners of real estate, purchased by their separate funds, enter into a co-partnership with reference to a sale thereof, by a parol contract, such contract is within the Statute of Frauds. *McCormick's Appeal*, 57 Pa. St. 54; *Vose* v. *Strong*, 144 Ill. 108; *Smith* v. *Burnham*, 3 Sum. 435.

We hold that the averments of the bill setting forth the purchase price and selling price of the lots, and that

the net profits derived from the sale were to be participated in by the parties, are sufficiently definite averments to authorize a finding by an interlocutory decree and a reference for an accounting between the parties. The Statute of Frauds, however, presents an insurmountable obstacle to the relief prayed for by appellant.

It was not error in the Appellate Court to affirm the decree of the circuit court of Cook county. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*