## Wytheville.

### BURGWYN v. JONES AND OTHERS.

June 13, 1912.

Absent, Cardwell, J.

1. PARTNERSHIP—*Agreements to Buy Land—When Within Statute of Frauds.*—A partnership for the purchase and sale of real estate for speculation, the profits to be divided between the partners, is valid when verbally made, and the existence of the partnership and the extent of the interests of the partners may be shown by parol; but an agreement to become interested in and to share the profits from lands already owned by one or more of the partners at the time the partnership is formed is an agreement for the purchase and sale of an interest in real estate, and within the statute requiring the same to be in writing.

Appeal from a decree of the Circuit Court of Nottoway county. Decree for the defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Charles E. Plummer*, for the appellant.

*W. Moncure Gravatt, T. Freeman Epes*, and *H. H. Watson*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The decree appealed from held that the agreement upon which the appellant, who was the complainant in the circuit court, based his right to the relief sought was one providing for the sale of an interest in real estate, and, not being in writing, was invalid, under clause 6 of section 2840 of the Code. The agreement relied on was made in August, 1906, and, as set out in the bill, is as follows:

"The property known as the 'Fitzgerald Mill property,' situated in Nottoway county, Virginia, near Nottoway Courthouse, (the legal title to which at the time said agreement was made being in the said M. W. Gill, E. F. Peirce, and W. I. Jones as aforesaid,) was to be examined by your complainant, and a report on said property, dealing with its possibilities as a power plant and its availability for furnishing electric light power to the neighboring towns, was to be made by your complainant to said M. W. Gill, E. F. Peirce, and W. I. Jones, or to any one of them, and your complainant was to perform such other services as would naturally be performed by an engineer, such as surveying, making estimates of the cost of development, etc.; that as soon as your complainant made such examination, submitted such report, and performed such other services as would naturally fall to him, all of said parties—to-wit, M. W. Gill, E. F. Peirce, W. I. Jones, and your complainant—were to endeavor to sell said property at the best price and on the best terms that could be secured, said property to be sold as a whole, and each of said parties to deal with said property as to them might seem best, the one object being to secure a purchaser at a price which would yield a profit upon the money invested and the services performed; and that as soon as said property should be sold, the profits realized on said transaction should be equally divided between the four parties above mentioned.

"6. Your complainant avers that said agreement was in effect a partnership agreement, and that said parties were, as between themselves, co-partners; that it was mutually understood and verbally agreed by and between said parties that your complainant, by reason of the services to be rendered by him for the benefit of said undertaking, was to have an interest in the said property equal to that of any of said parties, after the purchase price of said property and the expense of maintaining the same had been deducted, and that all of the said parties would work together for their common benefit."

As appears from the allegations of the bill filed in September, 1908, Jones, Peirce, and Gill were the fee simple owners of the real estate at the time the alleged partnership agreement between them and the complainant was made, by which he was "to have

an interest in the said property equal to that of any of said parties, after the purchase price of said property and the expense of maintaining the same had been deducted." It was further alleged in the bill that in the year 1907 Gill sold and conveyed all his interest in the said land to Peirce and Jones, and that later in the same month Peirce sold and conveyed all his interest therein to Jones, the vendee in such sale assuming the liability then resting on the vendor; that in the same year Jones sold and conveyed an undivided one-half interest in the land to Carter, White, and Epes, who were purchasers without notice of the appellant's rights; that the appellant, therefore, only had an equitable interest in the undivided half of the property owned by Jones, but was entitled to have an accounting from him for the proceeds arising from the sale of the other half, and was entitled to one-fourth of all the profits that have been or may be realized on the sale of the property. It was prayed that there might be a settlement of the partnership accounts; that his equitable interest in this undivided half of the land standing in Jones's name be established and protected; that his share in the profits which have accrued from the transaction be ascertained and decreed him; and for general relief.

In the year 1911 the appellant filed his amended and supplemental bill, of which he made the original a part, and in which he alleged that, since the filing of the original bill, the whole of the land had been sold to the Norfolk and Western Railway Company (the latter having knowledge of his rights), reiterated the allegations of his original bill that he is the owner of an equitable interest in the land so sold, and prayed that the Norfolk and Western Railway Company be made a party defendant to the bill (which was done) and for substantially the same relief that he sought by his original bill.

It is well settled in this State that a partnership for the purchase and sale of real estate for speculation, the profits to be divided among the partners, is valid when verbally made, and the existence of the partnership and the extent of the interest of the partners may be shown by parol. *Miller* v. *Ferguson,* 107 Va. 249, 250–252, 57 S. E. 649, 122 Am. St. Rep. 840, and authorities cited. But the precise question in this case seems not to

have been involved in any of the cases cited and decided by this court. In those cases the partnership formed was for the future purchase and sale of lands for profit. In this case the land in which, or in the proceeds of which, the appellant claims an interest was, at the time the partnership was formed, the property of the members of the firm other than the complainant.

It is insisted by the appellee, Jones, that there is a wide distinction between an agreement to acquire an interest in or to share the profits of lands thereafter to be acquired, and an agreement to become interested in and to share the profits from lands already purchased and owned by a member or members of the firm when the partnership is formed. Upon this question the authorities are not agreed.

Brown in his work on the Statute of Frauds, sec. 261a, is inclined to the opinion that the weight of authority is in favor of the view that it is not material, where the land is used for partnership purposes, "whether the partnership was already established and engaged in its business when the land was acquired and brought into the stock, or whether it was established and the land acquired and put in contemporaneously, or whether the partnership was established for the purposes of some other trade or business, or for the special purpose of dealing in and making a profit out of the very land itself which is in question."

Our cases, as before stated, fully recognize and enforce the rule as stated by the learned author, so far as it applies to the purchase of lands made subsequent to the formation of the parol partnership for dealing in real estate; but they have not gone to the extent of holding that an agreement is not within the statute of frauds which includes also an agreement for the purchase and sale of an interest in lands then owned by one of the partners, or to be subsequently acquired by him.

While the precise question involved in this case has not been passed upon by this court (and seems not to have often arisen in any jurisdiction), we have decisions which seem, in principle, to limit the rule to purchasers of land or interests therein subsequent to the formation of such partnership.

In *Henderson* v. *Hudson*, 1 Munf. (15 Va.) 510, the complainant relied on a verbal agreement between himself and the defendant

that the latter should associate the former as partner with him in the purchase of a certain parcel of land, and sought to have a one-half interest therein decreed to him. The statute of frauds was relied on by the defendant. Chancellor Wythe, who presided in the trial court, was of opinion that the statute applied to contracts and actions upon them between the buyer and seller of land, and not to a contract between the purchaser and a third person that such person should be admitted as a partner in the purchase, and granted the relief sought; but, upon appeal, it was held that the statute did apply, the decree of the trial court was reversed, and the bill dismissed.

In *Walker* v. *Herring*, 21 Gratt. (62 Va.) 678, 8 Am. Rep. 616, that decision was approved, it being held that the statute of frauds and perjuries applied to a parol contract entered into between the plaintiff and defendant, by which the former agreed to purchase, and did purchase, certain lands at a trustee's sale for himself and the defendant, the terms of which the latter refused to comply with.

These cases are in conflict with the broad doctrine laid down by Mr. Brown in his work, and are so regarded by him, especially the latter decision. These cases, in principle, are in accord with decisions in other jurisdictions.

In *Caddick* v. *Skidmore*, 2 DeG. & J. 51, the defendant owned a colliery, and he and the plaintiff made an oral agreement to become partners in the colliery for the purpose of leasing it upon royalties, which were to be divided between them. The colliery was demised upon a royalty, on account of which the defendant made certain payments to the plaintiff, and afterwards the defendant sold the original term; the bill prayed for an accounting and for payment for what was due to the plaintiff, apparently both back royalties and his share of the proceeds of sale. Lord Chancellor Cranworth dismissed the bill for a want of a sufficient memorandum in writing, saying that "an agreement to the effect that plaintiff and defendant were to become partners in a colliery for the purpose of demising it upon royalties, which were to be divided in some proportion between them," was, in his opinion, "an agreement not capable of being enforced unless proved by such evidence as is required by the statute of frauds."

In the case of *Goldstein* v. *Nathan,* 158 Ill. 641, 42 N. E. 72, it was held that a parol contract between the owners of separate tracts of land, by which they agreed to sell them and divide the profits equally, was void under the statute of frauds. Both parcels of land were sold, and suit was brought by one of the parties to enforce the agreement against the other. In that case it was contended that, since it appeared from the bill that the lots had been sold, nothing remained but to account for the profits, and it was denied that the statute of frauds in any way controlled the question. The Supreme Court of Illinois, fully recognizing the doctrine prevailing in that jurisdiction, as well as in this State, that a partnership may be formed for the purpose of dealing in lands for profit, and that the existence of such partnership and the extent of the interests of the respective partners may be shown by parol, said, in discussing that case, that there was a wide distinction, however, between "an agreement for one to become interested in the profits of certain land already purchased and owned by another and an agreement to share in the benefits to be thereafter acquired. Where lands are purchased by a partnership, and paid for with the moneys thereof, or acquired as partnership property in the usual course of such partnership, a court of equity may treat such real estate as partnership funds, and, as a consequence, personal property. This rule grows out of the nature of the partnership relation, and is rendered necessary for the purpose of doing justice between the parties, or between the firm and others doing business and having dealings therewith. *Black* v. *Black,* 15 Ga. 445. In this case the land was not purchased by the appellant in the name of the appellee, and the purchase money paid by the appellant. It is not a case of a purchase of lands paid for out of partnership funds and a deed taken to appellee. No partnership funds existed. There was, therefore, no resulting trust in appellant, and whatever interest he is alleged by the bill to have acquired was by virtue of his contract. The lot was owned by the appellee at the time of the contract, and paid for by his money, and any interest in the land or the proceeds growing out of the alleged contract cannot be secured and made to apply to the profits as distinct from the land itself. If appellant acquired an interest in appellee's lot by virtue

of his contract, it attached upon the contract being made. If such interest attached, and the land had not been sold, the appellant would have been entitled to his moiety therein. Had the appellee died before sale, and appellant had an interest in the lot, he would have had the right to sell and wind up the partnership affairs. It is only by having acquired an interest in the lot that he could have acquired an interest in the proceeds of the sale. We hold that where two separate owners of real estate, purchased by their separate funds, enter into a co-partnership with reference to a sale thereof by a parol contract, such contract is within the statute of frauds."

One of the cases referred to as sustaining the conclusion reached in that case was *McCormick's Appeal*, 57 Pa. St. 54, 98 Am. Dec. 19. In that case Judge Strong, afterwards Justice Strong of the Supreme Court of the United States, in delivering the opinion of the court, said: "Undoubtedly a partnership may hold real estate, and they may have a resulting trust where the partnership funds have paid for them. Such was *Erwin's Appeal*, 39 Pa. 535, 3 Wright 535, 80 Am. Dec. 542. So there may be a constructive trust in favor of the firm, as was held in *Lacy* v. *Hall*, 37 Pa. (1 Wright) 360, but these come within the exceptions to the statute of frauds. In both cases the lands were acquired after the partnerships had been formed, and while the joint business was in progress. But here there is no resulting or constructive trust. The agreement, if there was any, to put the land into the joint stock was made before the firm had any being, and the partnership funds did not pay for it. A parol agreement to put land into a firm, or to consider it as firm property, made before the firm exists, is wholly ineffectual to pass any title, either in law or in equity."

The court is of opinion that the verbal agreement set up by the appellant in his pleadings was one providing for the sale of an interest in real estate and within the statute requiring the same to be in writing, and that the circuit court did not err in refusing the relief prayed for and dismissing his bills.

*Affirmed.*