WHITE v. McNEIL.    (No. 11671.)

Court of Civil Appeals of Texas. Fort Worth. Jan. 22, 1927.

Rehearing Denied March 19, 1927.

1. Frauds, statute of ⟐⟐76—Portion of parol partnership agreement, providing conveyance of undivided interest in oil leases which were to become partnership assets, was contrary to statute of frauds (Rev. St. 1925, art. 3995, subd. 4).

Portion of parol partnership agreement, binding one partner to convey to the other an undivided half interest in certain oil leases which were to become partnership assets, was contrary to Rev. St. 1925, art. 3995, subd. 4, providing that no action shall be brought on any contract for the sale of real estate or the lease thereof, for a longer time than one year, unless agreement or memorandum thereof be in writing.

2. Partnership ⟐⟐18—Partnership can exist only if all partners consent.

Consent of all partenrs is essential to existence of partnership.

3. Specific performance ⟐⟐79—Partner cannot be compelled to continue consent to partnership by suit for specific performance.

Suit for specific performance will not lie to compel a partner to continue his consent to the partnership.

4. Partnership ⟐⟐263—Partnership, if created, was terminated on one partner's withdrawal of consent two days thereafter.

Where one partner to alleged partnership withdrew his consent thereto two days after its formation, partnership, if created, terminated at that time.

5. Mines and minerals ⟐⟐100—Suit to distribute partnership property held not maintainable, where defendant agreed to convey interest in drilling rigs and leases to plaintiff, rigs and leases to become partnership property, but did not convey, and partnership acquired no assets.

Suit as partner for one-half interest in drilling rigs, oil leases, and profits thereon, and for accounting, held not maintainable, where defendant agreed to convey one-half interest in drilling rigs and oil leases to plaintiff, drilling rigs and oil leases to become partnership property, but did not in fact convey such, and partnership acquired no assets otherwise, and hence had none to be distributed.

On Motion for Rehearing.

6. Frauds, statute of ⟐⟐84—Statute does not prohibit enforcement of parol contract to convey personal property.

The enforcement of a parol contract to convey personal property is not prohibited by the statute.

7. Mines and minerals ⟐⟐97—Where no drilling rigs or oil leases were conveyed between parties, as required by agreement to enter partnership, no partnership was created.

Where partnership agreement provided for mutual transfers of oil drilling rigs and transfer of oil leases as part and parcel of the agreement to enter into partnership, and no conveyance of the oil drilling rigs and the leases was made, no partnership was created.

8. Specific performance ⟐⟐79—Portion of agreement to enter partnership, providing conveyance of oil drilling rigs, held not subject to be specifically enforced; legal remedy being adequate.

Partner held not entitled to specific performance of portion of agreement to enter partnership requiring other partner to convey oil drilling rigs to him; his remedy at law being adequate.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Specific performance ⬤⟿79—Agreement to enter partnership cannot be specifically enforced.**

Suit for specific performance will not lie to compel compliance with agreement to enter into a partnership.

**10. Pleading ⬤⟿34(1)—As against general demurrer, petition must be construed as a whole.**

In determining the sufficiency of petition as against a general demurrer, the petition must be construed as a whole.

**11. Mines and minerals ⬤⟿100—Petition for distribution of partnership assets held to seek, as an entirety, interest in leases, profits thereon, and drilling rigs, so that partnership ownership of both leases and rigs was requisite.**

In suit as partner for one-half interest in certain oil drilling rigs, and a half interest in certain oil leases, accounting, and dissolution, petition *held* to seek as relief the recovery of a half interest in the oil leases and profits thereon and a one-half interest in the oil drilling rigs, as an entirety, so that partnership ownership of both the oil leases and the drilling rigs was essential to maintenance of suit.

**12. Specific performance ⬤⟿39—Parol agreement to convey oil leases within statute of frauds is not subject to specific performance (Rev. St. 1925, art. 3995, subd. 4).**

Specific performance will not lie to compel compliance with portion of agreement to enter into partnership providing for conveyance of oil leases within Rev. St. 1925, art. 3995, subd. 4, providing no action shall be brought on any contract for the sale of real estate or the lease thereof for more than one year, unless agreement or memorandum thereof be in writing.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by J. A. White against J. R. McNeil. From a judgment of dismissal, plaintiff appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Cox & Fulton, of Wichita Falls, for appellee.

DUNKLIN, J. The only question presented on this appeal is whether or not the court erred in sustaining the defendant's exceptions to plaintiff's petition and dismissing his suit after he had declined to amend, and from which rulings plaintiff has prosecuted this appeal.

The substance of the main facts alleged in plaintiff's petition may be stated as follows: From January 1, 1915, to February 15, 1919, plaintiff and defendant were engaged as partners in the general oil business and in drilling oil and gas wells under contract for others. After the dissolution of that partnership, and on July 1, 1920, they again engaged as partners in the same business theretofore transacted, and that partnership continued until the month of May, 1921, on which date it was dissolved. During the month of July, 1922, they engaged in the same partnership business, and that partnership continued until October 8, 1925, when it was dissolved by mutual agreement; and by written contract, executed by the partners, the partnership affairs were all settled. A few days later oral negotiations between the parties were initiated by the defendant, looking to a resumption of the former partnership business. The communications so begun continued intermittently, being resumed from time to time, at the instance of first one and then the other, until October 26, 1925. On that date the parties entered into the following parol agreement: Plaintiff was to pay to the defendant the sum of $4,500 in money, and to sell to the defendant an undivided one-half interest in two star drilling rigs, with their equipment, which he then and there delivered to the defendant. Plaintiff was also to assume one-half of the indebtedness owing by the defendant as the purchase price for a new rotary rig recently purchased by the defendant. The defendant agreed to convey to plaintiff, and then made delivery to him, of an undivided half interest in oil leases then owned by the defendant on five separate tracts of land situated in Archer county, and also an undivided half interest in two rotary drilling rigs then situated on one of those leases.

At the time the foregoing agreement was entered into, and as part and parcel of the same transaction, it was further agreed that the parties would again engage as partners in the general oil business and in contracting to drill oil and gas well, and the drilling rigs and leases mentioned above were to become partnership property, and to be used in the prosecution of the partnership business. The parties were to be equal partners in the enterprise, and each was to own an undivided half interest in the partnership property.

On October 28, 1925, two days after the agreement was entered into, the defendant notified plaintiff that he had sold to other persons some interest in the leases and drilling rigs which he had agreed to put into the partnership, and for that reason would be unable to carry out his agreement, and then notified the plaintiff that he would not perform his said agreement.

Ever since said agreement was entered into, plaintiff has been ready, willing, and able to pay to the defendant the $4,500 in cash, which he had agreed to pay, and also to pay half of the debt owing by the defendant as the purchase price for the new rotary rig, which the defendant owed, as stipulated in their agreement. And he has at all times been ready, willing, and able to carry out the partnership agreement as contemplated by the parties.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In his pleadings, plaintiff tendered into court for defendant's benefit the $4,500 in money already noted, and also offered to tender into court one-half of the amount which the defendant owed on the new rotary rig, the amount of which he did not know.

After the defendant had breached his said agreement, he began operating the said leases by drilling oil wells thereon which became producing wells, and the leases thereby became very valuable, and he has refused to permit plaintiff to participate in the operation of said wells or the profits arising therefrom, and has also refused to permit plaintiff to inspect his books containing information relative to such operations.

The undivided half interest in the leases and drilling rigs, which the defendant agreed to convey to plaintiff, and which were agreed to become partnership assets, was and is reasonably worth the sum of $100,000. $5,000 is the reasonable value of one-half of the profits that had been realized by the defendant from the wells drilled upon the leases since the termination of the partnership agreement, over and above the expenses.

Upon the facts so alleged, plaintiff sought to recover an undivided half interest in the leases and the new rotary drilling rig, or, in the alternative, the value of said half interest, in the event the defendant has disposed of the same. Plaintiff also sought recovery of one-half of the profits realized by defendant from the operation of the leases, as already noted; also a dissolution of the partnership, a settlement of its affairs, and "that an account be taken of all and every, the late copartnership dealings and transaction, and that the defendant be adjudged to pay the plaintiff what, if anything, which appears from such accounting to be due from him; the plaintiff being ready, willing, and able and hereby offers to pay to the defendant what, if anything, shall appear to be due to him from said concern." Plaintiff also prayed for general relief.

Following a general demurrer in general terms, the answer contained a general demurrer to the entire petition, based upon the statute of frauds, the benefits of which were expressly claimed by the defendant. There were other special exceptions to the form of the pleading such as that the allegations were too general, indefinite, duplicitous, etc. All of those exceptions were sustained, and, the plaintiff declining to amend, the cause was dismissed. We shall consider only the two general exceptions; the determination of the other special exceptions being unnecessary by reason of conclusions hereinafter reached.

[1] It appears from plaintiff's petition that the entire agreement to enter into the partnership was in parol. That portion of the agreement which purported to bind the defendant to convey to the plaintiff an undivided half interest in the oil leases was manifestly in violation of subdivision 4 of article 3995, Rev. Statutes of 1925, which provides that no action shall be brought in any court "upon any contract for the sale of real estate or the lease thereof for a longer term than one year." And the fact that it was the intention of the parties that the property to be so conveyed should become partnership assets could make no difference. Even though the agreement had been that the conveyance would be made to the partnership in its firm name, it would equally have been in violation of the statute of frauds. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; Carothers v. Alexander, 74 Tex. 309, 12 S. W. 4; Sprague v. Haynes, 68 Tex. 215, 4 S. W. 371; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474; 27 Corpus Juris, pp. 220, 221; Burgwyn v. Jones, 113 Va. 511, 75 S. E. 188, 41 L. R. A. (N. S.) 120, Ann. Cas. 1913E, 564; 1 Tiffany on Real Property, p. 664; Goldstein v. Nathan, 158 Ill. 641, 42 N. E. 72.

[2-5] Since the consent of all the partners is essential to the existence of a partnership between them, a withdrawal of consent by one of the partners results in a dissolution of the partnership, and no action for specific performance will lie to compel a party to continue his consent to the partnership against his will. If the alleged partnership was formed, then, according to plaintiff's own allegations, it terminated two days after its formation. If the oil leases were never legally conveyed to the partnership, nor a half interest therein to the plaintiff thereafter to become partnership assets, then no interest in those leases ever passed to the partnership, and therefore did not constitute assets on hand when the partnership was dissolved, to be administered and apportioned between the parties in this suit. The allegations in the petition, to the effect that plaintiff delivered to the defendant an undivided half interest in the two star rigs with their equipment, evidently was an allegation of constructive delivery only, and the same can be said of the allegation that the defendant delivered to plaintiff an undivided half interest in the oil leases and a half interest in the rotary rig. Indulging every reasonable intendment in favor of the sufficiency of the pleading, it is apparent that plaintiff still has his entire title in his two star rigs, with possession, or right of possession; also the $4,500 which he agreed to pay to the defendant, and whatever money he agreed to pay to discharge one-half of the purchase price of the two rotary rigs which the defendant had purchased; and that none of those items can be considered as effects belonging to the partnership during the two days of its existence, if in fact it did exist during that period. Likewise the defendant still has title and possession, or right of possession, of his rotary rigs and the leases in controversy, and for the same reason none of that property ever became assets of the partnership. Indeed, even though ac-

tual delivery of the leases had been made to the partnership firm, no title would have passed, in view of the statute of frauds, as noted above. It follows therefore that, even though the alleged partnership was created, it did not exist longer than two days, and during that period it acquired no assets from either of the partners or from any other source, and hence it owned no assets to be divided between the partners, nor does it appear from the petition that any profits were realized by the partnership during the two days of its existence. On the contrary, it affirmatively appears from the allegations in the petition that the development of the leases which resulted in producing wells, and the profits realized out of the oil therefrom, all occurred after the defendant had elected to terminate the partnership relations theretofore existing, if in fact a partnership had ever been formed. The petition contains no allegations of profits realized from any other source.

Plaintiff's claim is not strengthened by the fact that the partnership in question was formed to pursue the same business as that pursued by two former partnerships between the same parties, since those partnerships were terminated, and all rights of the parties thereto settled, before the formation of the last partnership by written agreement, the sufficiency of which plaintiff does not question. That partnership was a separate and distinct entity, and wholly independent of the others.

This case is clearly distinguishable from the principal authorities relied on by appellant, such as Murrell v. Mandelbaum, 85 Tex. 22, 19 S. W. 881, 34 Am. St. Rep. 777; Schwab Clothing Co. v. Claunch (Tex. Civ. App.) 29 S. W. 922; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873; 20 Cyc. p. 236. Those authorities seem to hold that, after title to real estate is acquired by a partnership firm, and the partnership is dissolved, then a parol sale by one partner of his equitable interest in the land in the settlement of the partnership affairs and the division of its assets is not violative of the statute of frauds, and is therefore valid. The fact that in those cases title to the realty was in fact acquired by the partnership firm distinguishes them from the present suit, in that, as noted already, the partnership in question never in fact acquired title to the leases or any of the drilling rigs owned by the parties, which it was contemplated would later become partnership assets.

Accordingly, we have reached the conclusion that the judgment of the trial court, sustaining the general exceptions to the petition and dismissing the cause, should be affirmed, and it is so ordered.

### On Motion for Rehearing.

[6] Counsel for appellants have construed what was said in our opinion on original hearing as indicating a conclusion reached to the effect that the enforcement of a parol contract to convey personal property is prohibited by our statute of frauds. That interpretation of our opinion is erroneous. We did not intend to so hold, and to remove any doubt upon that question we now say that the contrary of that conclusion is undoubtedly true.

[7] Counsel also stress the allegations in plaintiff's petition to the effect that a partnership was in fact formed by and between plaintiff and the defendant, and insist that, as against a general demurrer, the petition was sufficient to show that plaintiff was entitled to the relief sought in so far as the oil drilling rigs were involved, even though it could be said that, by reason of the statute of frauds, no recovery could be awarded, based on defendant's agreement to convey the oil leases to the partnership.

[8-12] We overrule that contention for the following reasons: According to allegations in the petition, at the time the agreement to enter into the partnership was made, plaintiff owned two oil rigs, an undivided one-half interest in which he agreed to sell to the defendant; and defendant owned two oil rigs, an undivided one-half interest in which he agreed to sell to the plaintiff, for which interest plaintiff agreed to pay to the defendant $4,500 in cash, and to assume the payment of one-half of the balance then owing thereon by the defendant, which payments have not yet been made. Those two agreements were parts and parcels of the agreement to enter into the partnership. Two days after the agreement to enter into the partnership was made, the defendant notified plaintiff of his refusal to proceed any further with it, and also refused to carry out the agreement with plaintiff with respect to the purchase and sale of the four oil drilling rigs. While it was contemplated that those rigs as well as the leases should become partnership property after title thereto had passed to the partners under the agreement of purchase and sale, yet it is manifest from the petition that no title ever passed in pursuance of that agreement either to the partnership firm or to the parties to the agreement; therefore none of those oil rigs ever in fact became assets of the proposed partnership firm. Since the agreement to enter into the partnership never became effective, no partnership was in fact created which could take over and hold the drilling rigs and leases as was originally contemplated. It is a familiar general rule that a parol contract to convey personal property cannot be specifically enforced, because ordinarily there is an adequate remedy at law. 25 R. C. L. 293. It does not appear that the defendants' agreement with respect to the sale of the drilling rigs would come within any exception to that general rule. On the contrary, we perceive no reason why plaintiff has not an adequate remedy at law against the defendant for the defendant's breach of

that contract if he has suffered any damages therefrom. It is a further familiar rule that an agreement to enter into a partnership cannot be specifically enforced. Moreover, when the sufficiency of plaintiff's petition is tested as against a general demurrer, it must be construed as a whole. When so construed, and when every reasonable intendment is looked to, we believe it clearly shows that the relief sought was the recovery of a one-half interest in the oil leases in controversy, together with a one-half interest in the drilling rigs, mentioned above, and one-half the profits alleged to have been earned by the defendant on the leases after the agreement for partnership was entered into; and that relief was sought as an entirety, with no intention to sue for an interest in the drilling rigs separately and apart from the leases. By reason of the facts stated, in order to award plaintiff that relief, it would become necessary, first, to specifically enforce the defendant's parol contract with respect to the purchase and sale between the parties of the drilling rigs as well as his parol agreement to convey to the proposed partnership firm the oil leases in controversy, and neither of those agreements is subject to specific performance.

Accordingly the motion for rehearing is overruled.