# CIRCUIT COURT OF ARLINGTON COUNTY

Earl F. Lovell
and Wallace D. Johnson

v.

Lewis D. Smith

## April 7, 1997

## Case No. (Chancery) 96-351

BY JUDGE WILLIAM L. WINSTON

Following the oral argument in this case, the Court stated that the case should be transferred from the Chancery to the Law side of the court inasmuch as the only relief sought was a money judgment. The Order was not entered, and because of the rulings which will be made herein, it will be seen that it would be unnecessary.

In March, 1993, the two plaintiffs met with the defendant and presented to the latter a plan to develop land then owned by the defendant. The plan contemplated the formation of a limited liability company to be known as "Ballston Trio, L.C." to purchase, finance, and manage the property. The entity was to be composed of the plaintiffs and defendant. A written agreement was to succeed the alleged "parol agreement." This never occurred. The plaintiffs allege the expenditure of time and money on the project for which they seek recovery against the defendant on the theory of breach of contract and implied contract.

The defendant pleads the Statute of Frauds and the Statute of Limitations. With respect to the Statute of Frauds, an oral agreement to purchase, sell, and develop real estate is valid. *Miller v. Ferguson*, 107 Va. 249 (1907). It is different, however, where one of the partners or parties to the agreement is the owner of the property. *Burgwyn v. Jones*, 113 Va. 511 (1912). The opinion in *Burgwyn* cited a line of earlier cases from other jurisdictions supporting its ruling making the Statute of Frauds applicable to cases such as the one before the Court:

The agreement, if there was any, to put the land into the joint stock was made before the firm had any being, and the partnership funds did not pay for it. A parol agreement to put land into a firm, or to consider it as firm property, made before the firm exists, is wholly ineffectual to pass any title, either in law or in equity.

*Id.* at 517.

There is thus no resulting trust created because of the use of partnership funds because when the funds were advanced, there was no partnership.

Although this is not a suit seeking the transfer of title to the property, the real estate owned by the defendant is central to its purpose. Any recovery by the plaintiffs is dependent upon the enforcement of the contract. Where the alleged express oral contract is unenforceable because of the applicability of the Statute of Frauds, the plaintiffs may not abandon that theory to seek recovery on an implied contract.

For the foregoing reasons, the Plea of the Statute of Frauds is sustained.