IN THE SUPREME COURT OF TEXAS

 

════════════

No. 10-0592

════════════

 

 

John Ganim,
Petitioner,

 

v.

 

J. Farouk (Frank) Alattar, Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fourteenth
District of Texas

════════════════════════════════════════════════════

 

 

PER CURIAM

 

Justice Guzman did not participate in
the decision.

 

            The issue in this case is whether an
agreement to acquire real property for the benefit of a partnership was barred
by the statute of frauds. The court of appeals held that it was. We disagree.
We reverse the court of appeals’ judgment and remand to that court for further
proceedings.

            John Ganim
and Farouk “Frank” Alattar were friends who began
looking for properties to invest in together. On March 17, 2004 they visited a
3,800 acre tract in Washington County that was for sale (the Property). Two
days later Alattar, while accompanied by Ganim, executed an agreement as “Frank Alattar,
Trustee” to purchase the Property.

            In the days following Alattar’s execution of the purchase agreement, Alattar, Ganim and their lawyers
exchanged documents culminating in Alattar and Ganim executing an Agreement of Limited Partnership of
Gates Bluebonnet Hills, LTD. (Gates Bluebonnet), which was to take effect March
29, 2004. But despite Ganim and Alattar
each signing the Gates Bluebonnet agreement, they later disputed whether it
correctly reflected the terms of their agreement. Because of the disagreement, Alattar notified Ganim that he
would not enter into a partnership and denied that Ganim
had, or would have, any interest in the Property. Ganim
subsequently sued Alattar. While suit was pending the
sellers conveyed the Property by special warranty deed to “Farouk Alattar, Trustee.” Neither the purchase agreement nor the
deed identified a trust or named any trust beneficiaries.

            The case was tried
to a jury. Ganim’s position at trial was that he and Alattar agreed to purchase the Property as partners and six
documents, taken collectively, established that Alattar
acquired the Property on behalf of Gates Bluebonnet. The six documents were
introduced into evidence. Among the documents was an unsigned letter dated
March 25, 2004 to Alattar from his attorney
referencing the agreement to purchase the Property and referring to discussions
Alattar and his attorney had “on proposed entity
structure for this transaction.” Another of the documents was a letter to Alattar from his attorney dated March 26, 2004, which
included the proposed partnership agreement for Alattar
and Ganim’s review and execution.

            Alattar
contended he had no agreement with Ganim to acquire
the Property as partners. He insisted that he had purchased the property for
himself and his family.

            As relevant to the issue before us,
the jury found (1) Ganim and Alattar
did not mutually rescind the Gates Bluebonnet Hills Agreement of Limited
Partnership, (2) six specified documents constituted an agreement that Alattar purchased the Property for the benefit of Gates
Bluebonnet,[1]
(3) Alattar failed to comply with the agreement, and
(4) Ganim was damaged in the amount of $2,446,800.

            The trial court rendered judgment
for Ganim on the jury verdict.[2]
The court of appeals reversed and rendered judgment for Alattar.
___ S.W.3d ___, ___. It reasoned that under the
agreement found by the jury the Property was sold either to Gates Bluebonnet
acting through Alattar, or was sold to Alattar as trustee of an unidentified trust unrelated to
the partnership. Id. The appeals court concluded that either way, “the
agreement is one for the sale of real estate and subject to the statute of
frauds.” Id. It then determined that the agreement did not comply with
the statute of frauds because no single document contained both the contract’s
essential terms and the signature of the party to be charged, nor could the
documents be construed together to satisfy the statute of frauds because the
later documents did not refer to the earlier ones. Id. Because it
rendered judgment on the statute of frauds issue, the appeals court did not
address the other issues raised by Alattar.

            In this Court Ganim
argues that, in finding Alattar purchased the
Property for Gates Bluebonnet, the jury determined Alattar
purchased the Property for their mutual benefit. Thus, Ganim
contends, this was an agreement for the joint acquisition of real property, not
a land-purchase agreement, and it is not subject to the statute of frauds. Alattar argues that Ganim has
shifted positions on appeal: in the trial court he argued Alattar
agreed to convey the Property to the partnership, but he now contends Alattar agreed to purchase the Property for the partnership
and a second conveyance was not required. Alattar
further contends that both of Ganim’s positions fail
because each requires Alattar to have purchased the
Property as trustee for benefit of the partnership and such an agreement would
be an express parol trust in land, which the Texas
Trust Code makes unenforceable. We conclude that neither the statute of frauds
nor the Texas Trust Code bar the enforcement of the agreement.

            Chapter 26 of the Business and
Commerce Code is entitled “Statute of Frauds.” It provides that “a contract for
the sale of real estate” must be in writing. Tex.
Bus. & Comm. Code § 26.01 (a), (b)(4).
This Court long ago held that “an agreement between two or more persons for the
joint acquisition of land is not a contract for the sale of land and is not
required by our statute of frauds to be in writing.” Gardner
v. Randell, 7 S.W. 781, 782 (Tex. 1888); Reid
v. Howard, 9 S.W. 109, 110 (Tex. 1888); James v. Fulcrod,
5 Tex. 512, 1851 WL 3915, at *3 (1851).

            In Gardner the parties agreed
to purchase land, with each to pay one-half of the purchase price
and each to hold an equal interest in the property. Gardner, 7 S.W. at
781. Gardner purchased the property for $3,250, paying $500 of his own money
and taking a bond for title in his own name. Id. The parties then orally
agreed that if Randell paid his half by the end of a
90-day period, Randell would own half of the
property. Id. at 781-82. Gardner subsequently
raised the money, completed the purchase, and obtained a deed to the property
in his name. Id. at 782. When Randell tendered his share of the money, Gardner refused to
convey, prompting Randell to file suit to recover his
interest in the property. Id. This Court characterized the transaction
at issue as “an agreement between two parties to buy land jointly,” which did
not fall within the statute of frauds. Id. The Court noted that the case
did not involve a parol trust or a resulting trust,
but a “parol contract by which two or more persons
agree to purchase land for their joint benefit” with the “title to be taken in
the name of one.” Id.

            Alattar
concedes that Gardner and its progeny would support enforcement of the
agreement Ganim alleges. But he argues that the Trust
Code abrogated Gardner by providing that an express trust must be in
writing and signed by the settlor. See Texas
Trust Act, ch. 148, § 7, 1943 Tex. Gen. Laws
232, 234 (former Tex. Rev. Civ. Stat. Ann. art. 7452b-7), repealed by
Act of May 25, 1983, ch. 567, § 1, 1983 Tex.
Gen. Laws 3658, 3658 (current version at Tex.
Prop. Code § 112.004).

            Section 112.004 of the Trust Code
provides that a trust in real property “is enforceable only if there is written
evidence of the trust’s terms bearing the signature of the settlor
or the settlor’s authorized agent.” Tex. Prop. Code § 112.004; see also
Rankin v. Naftalis, 557 S.W.2d 940, 944 (Tex.
1977). The Trust Code’s provision applies only to express trusts. Tex. Prop. Code § 111.003 (“For the purposes of this subtitle, a
‘trust’ is an express trust only . . . .”); see also Omohundro
v. Matthews, 341 S.W.2d 401, 404 (Tex. 1960); Fitz-Gerald v. Hull,
237 S.W.2d 256, 259 (Tex. 1951). An “express trust” is “a
fiduciary relationship with respect to property which arises as a manifestation
by the settlor of an intention to create the
relationship and which subjects the person holding title to the property to
equitable duties to deal with the property for the benefit of another person.” Tex. Prop. Code § 111.004(4).

            Ganim does
not contend, and the jury did not find, that an express trust was created.[3]
Nor does Alattar contend there is evidence that he or
someone else acting as settlor created an express
trust in favor of Ganim or Gates Bluebonnet by a
manifestation of “an intention to create the relationship” of trustee in Alattar. See id. § 111.004. The dispute was
over whether Alattar agreed to purchase the Property
for Gates Bluebonnet, not over whether an express trust was created. Further,
the only possible evidence supporting the creation of a trust agreement was the
Purchase Agreement Alattar signed as “Frank Alattar, Trustee” and the deed conveying the Property to
“Farouk Alattar, Trustee.” But “the mere designation
of a party as ‘trustee’ does not create a trust.” Nolana Dev. Ass’n v. Corsi, 682 S.W.2d
246, 249 (Tex. 1984).

            We conclude that no express trust was
created as to the Property. Because no express trust was created, the Texas
Trust Code does not apply.

            Moreover, after the Trust Code was
adopted our courts have continued to enforce agreements for the joint
acquisition of land, even though legal title is held in the name of one of the
partners. See, e.g., King v. Evans, 791 S.W.2d
531 (Tex. App.—San Antonio 1990, writ denied). In King, Evans
sued King claiming that a 725-acre tract acquired by King was a partnership
asset based on an oral partnership agreement. Id. at
532. The jury found that the land was purchased by King for the benefit
of the partnership. Id. On appeal, King argued that the jury’s finding
was based on either an express trust or a constructive trust cause of action
and was required to be in writing. Id. at 533.
The court of appeals disagreed, stating that when “land is acquired for
partnership purposes but is held in one partner’s name, the partnership’s claim
to the land is not barred by absence of a written document of conveyance.” Id.
The court of appeals held that because there was no evidence a trust was
formed, the statute of frauds did not apply to agreements between parties to
jointly acquire land. Id.; see also Davis v. Sheerin,
754 S.W.2d 375, 386 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (holding
that the statute of frauds did not bar Sheerin’s
claim to an interest in the real property held solely in Davis’s name because Sheerin was “not relying on an oral conveyance of land, but
[was] contending that the six tracts were all purchased by and for the benefit
of the partnership”); Bradley v. Bradley, 540 S.W.2d 504, 510 (Tex. Civ.
App.—Fort Worth 1976, no writ) (holding that the statute of frauds “does not
apply to a contract between two or more parties, such as the one involved here,
to acquire jointly realty from a third person”); McDonald v. Sanders,
207 S.W.2d 155, 157 (Tex. Civ. App.—Texarkana 1947, writ ref’d
n.r.e.) (holding that an
oral agreement between two parties for one of them to purchase a mineral
interest for the benefit of the other did not violate the statute of frauds).

            In reaching its conclusion the court
of appeals relied on White v. McNeil, 294 S.W. 928 (Tex. Civ. App.—1927,
no writ). But White involved a different relationship between the
parties to the land conveyance. There the partner was conveying land that he
already owned to a partnership as a capital contribution. Id.
at 929. White held that the transaction was a standard land
conveyance, which was required to be in writing. Id. In contrast, the
jury in this case found that Alattar agreed to
initially purchase the Property for Gates Bluebonnet, not that he agreed to
contribute property he already owned to the partnership.

            The agreement found by the jury was
that Alattar purchased the Property for Gates
Bluebonnet. It was not an agreement for the sale of real estate nor did it
create an express trust. Thus, it was not required to comply with the
provisions of either Business and Commerce Code
section 26.01 or Property Code section 112.004.

            We grant Ganim’s
petition for review. Without hearing oral argument we reverse the court of
appeals’ judgment. See Tex. R.
App. P. 59.1. We remand the case to the court of appeals for
further proceedings.

 

OPINION
DELIVERED: June 24, 2011















[1] Jury question two read as follows:

 

                                                 Do you find that the following writings as
shown in the Plaintiff’s Exhibits listed below constituted an agreement whereby
the 3,800 acres purchased by Frank Alattar, trustee,
was for the benefit of the Gates Bluebonnet Hills Limited Partnership?

                                                                                                [list of six Plaintiff’s exhibits]

 

                 The jury answered “Yes.”





[2] The judgment was for damages of $2,445,300. Ganim has not complained of the amount of damages awarded.





[3] Even if there had been evidence of an express trust, a
question concerning its existence was not requested or submitted to the jury.
Under such circumstances the existence of an express trust as a ground of
defense or recovery was waived unless the evidence was conclusive on the
question. Tex. R. Civ. P. 279.