## EUGENE BEARROW ET AL. V. JESSE WRIGHT ET AL.

### Delivered December 11, 1897.

**1.  Rescission of Sale of Land.**

Where an absolute warranty deed, reciting a cash consideration of $640, was made in fact for $100 paid and an agreement by the grantee to convey to the grantor 160 acres of land, the grantee took full legal and equitable title to the land conveyed by the deed, subject only to an equitable lien for any part of the consideration unpaid, and the grantor was not, in the absence of fraud, entitled to have the sale rescinded because of the grantee's failure to convey the 160 acres.

**2.  Vendor's Lien Barred by Limitations.**

After a long lapse of time (twenty-eight years in this case) since the conveyance of land the right of the vendor to sue for the purchase money and enforce his equitable vendor's lien against the land is barred by limitations.

APPEAL from Dallas.  Tried below before Hon. EDWARD GRAY.

*Kearby & Muse,* for appellants.

*Simkins & Titterington,* for appellees.—1.  The deed sought to be canceled in this case being an absolute warranty deed, reciting a cash consideration, having been duly executed and delivered, can not, in the absence of an allegation of fraud, accident, or mistake in the original execution of said deed, be varied or defeated by parol or cancelled by a court of equity.  Railway v. Garrett, 52 Texas, 138; Self v. King, 28 Texas, 354; Wright v. Hayes, 34 Texas, 253; Railway v. Pfeufer, 56 Texas, 71; Clack v. Wood, 37 S. W. Rep., 188; 21 S. W. Rep., 318; 23 S. W. Rep., 276; 32 S. W. Rep., 925.

2.  Fraud to cancel an executed contract can not be predicated on a promise to pay consideration or purchase money.  Gregg v. English, 38 Texas, 139; Lott v. Kaiser, 61 Texas, 671.

3.  The deed being an executed contract, the vendor can not, in absence of fraud, resume the title; but must enforce the debt if any be due.  Bynum v. Preston, 69 Texas, 289; Webster v. Mann, 52 Texas, 424; 61 Texas, 671; 32 S. W. Rep., 927.

FINLEY, CHIEF JUSTICE.—This is the second time this case has come before us upon appeal.  The judgment first appealed from was in favor of the plaintiffs in the suit.  Upon the first trial the court submitted to the jury only the issue of the right of the plaintiffs to recover the west half of the 320-acre tract, and upon that issue judgment was rendered in favor of the plaintiffs.  This court held that plaintiffs were not entitled to recover the west half of the 320-acre tract, and upon this ground reversed the judgment of the trial court.  See Wright v. Bearrow et al., 13 Texas Civil Appeals, for a full statement of the case, and the views of this court in relation to the claim of plaintiffs to the west half of the 320-acre tract of land.  The cause was remanded, because the petition set up another phase of the case than that upon which it was tried, which was

wholly ignored by the court. The petition prayed alternately for a rescission of the sale of the east half of the land, and in remanding the case we said: "It does not appear that a specific performance of the contract to exchange lands was necessary in order to prevent a fraud, and to save S. T. Wright from losing the value of his tract of land which he conveyed to Jesse Wright, upon the consideration that Jesse Wright should convey him the west half owned by said Jesse Wright. When Jesse Wright failed or refused to carry out the contract of exchange, his vendor could elect to rescind the contract and recover back the east half conveyed by him, or sue for the value of said east half, and have the same enforced as a lien against the land. As this phase of the case was not tried in the court below, the case having passed off entirely upon the question of plaintiff's right to recover the west half of the land, we do not feel called upon to discuss the questions relating to this issue."

It will be observed that we declined to enter into a discussion of that issue, because it had not been tried in the court below. We did not pass upon the sufficiency of the allegations of the petition as a basis for the prayer for a rescission, because that question was not necessary to be decided, and was not raised by any action had by the court below upon such issue.

Inasmuch as the trial court had decided the case for the plaintiffs upon the other issue, and this court held adversely to them on that issue, we thought best to remand the case for another trial in order that the issue of rescission might be fully developed and fairly tried. Upon the last trial the plaintiffs did not amend their pleadings, and the issue was raised by demurrer, whether the petition of plaintiffs presented such facts as would authorize a recovery of the west half or a rescission of the sale of the east half of the 320-acre tract of land. The court below held that the petition did not state a good cause of action for a recovery of the west half, or for rescission of the sale of the east half, sustaining the demurrers, and the plaintiff declining to amend, judgment was rendered for the defendants, from which the plaintiffs have appealed to this court.

We are now called upon to decide upon the correctness of the action of the court in sustaining the demurrers to plaintiffs' case as stated in their pleadings. The petition alleges that on September 8, 1865, S. T. Wright and wife by their deed conveyed to the defendant Jesse Wright his interest in the land in dispute, for the recited consideration of $640 cash paid; that in fact no cash was paid or received, but the true consideration was the delivery to the grantor of certain personal property not to exceed $100 in value, and an undertaking upon the part of Jesse Wright to convey the west half of the 320 acres upon demand, and to hold said west half and the title thereto in trust for the said S. T. Wright and his heirs; that the conveyance of S. T. Wright and wife to Jesse Wright was duly recorded, a copy of which is attached as exhibit B to the petition; that the said defendant Jesse Wright undertook and agreed to hold the land (the west half) in trust for said S. T. Wright and wife, and in event of their death, for his surviving children; and further agreed to account for

the rents and profits on said west half; that under said agreement defendant went into possession on September 18, 1865, and has continuously used and occupied said premises since that time; that said defendant has continuously held the west half of said 320 acres in trust as aforesaid since said conveyance to him, has never repudiated the same, has continuously recognized the title of the children and heirs of S. T. Wright thereto, and in all things complied with the terms and conditions of said trust until the death of Sallie J. Wright, in 1877, since which time defendant has failed to account for the rents and revenues arising from said west half; that defendant has never denied the title to the children for the west half of said land nor repudiated the holding of same in trust for them until the year 1892, when demand was duly made and defendant refused to convey the west half of said land to the surviving children of said S. T. Wright and wife, or to surrender them the possession, or to account to them for the rents and revenues.

They allege that by reason of the premises, the plaintiffs are the owners in fee simple of the west half of said 320 acres, that defendant refuses to execute to them a conveyance thereto, or to surrender possession, or to account for rents and revenues which they derived from said land which they became liable to pay since January, 1878. But should this relief be denied, then plaintiffs prayed in the alternative for the cancellation of the deed from S. T. Wright and wife to Jesse Wright to the east half; and as a basis for cancellation it is alleged that the conveyance from S. T. Wright and wife to Jesse Wright was in pursuance of an agreement between them to exchange lands, whereby said Wright and wife undertook and did convey to defendant the east half of said 320 acres, and Jesse Wright agreed to convey to S. T. Wright the west half; that the conveyance of S. T. Wright and wife was executed upon the faith of the agreement to convey the west half, as before stated, which was of the reasonable value of $3200; that Jesse Wright has never conveyed the west half in whole or in part, and has never paid said $3200, which now constitutes a lien upon the east half, whereby the superior title is alleged to be in plaintiffs; that defendant has been in continuous possession of the east half since September 18, 1865, using it, for which $1200 is claimed as rents and profits. By reason of which facts, they say the superior title to the east half has never been divested out of S. T. Wright, and still remains in his heirs, the plaintiffs, and being thus the legal owners of the superior title, they are entitled to a rescission of the conveyance and cancellation of the deed executed by S. T. Wright and wife to defendant for the east half, and judgment for the title and possession of same.

Upon the former appeal we held that plaintiffs were not entitled to recover the west half of the 320 acres, and we now adhere to the views expressed in the former opinion. 13 Texas Civ. App. Does the pleading state such facts as would authorize a rescission of the sale of the east half by S. T. Wright and wife to Jesse Wright?

The petition alleges that an absolute warranty deed, reciting a cash consideration, was executed by S. T. Wright and wife to Jesse Wright.

and there is no allegation of any deception or fraud practiced by Jesse Wright upon his vendor, S. T. Wright. It is alleged that the deed does not recite the true consideration; that the real consideration was the payment of $100 in personal property and the conveyance of the west half of the land by Jesse Wright to S. T. Wright. It was further alleged that S. T. Wright executed the deed to the east half upon faith in the promise of Jesse Wright that he would convey to him the west half, and that he failed to make such conveyance. In the light of the allegations, the transaction between the parties can not be considered as simply a contract for the exchange of lands. The facts alleged import a sale of the east half of the land by S. T. Wright and wife to Jesse Wright, and a failure on the part of Jesse Wright to pay the full consideration agreed upon as the value of the land. In the absence of fraud, the deed from S. T. Wright and wife to Jesse Wright, reciting the payment of a full cash consideration, and being absolute in its terms, conveyed both the legal and equitable title to the land to Jesse Wright, and if any portion of the consideration was left unpaid, the vendor could only assert an equitable lien upon the land, as for purchase money, to enforce its payment. Railway v. Garrett, 52 Texas, 138; Railway v. Pfeuffer, 56 Texas, 71; Lott v. Kaiser, 61 Texas, 671; Bynum v. Preston, 69 Texas, 287; Webster v. Mann, 52 Texas, 424-426.

After the long lapse of time, disclosed by the pleadings, between the sale and the institution of this suit, the right to sue for the purchase price of the land and foreclose the equitable lien upon the land for its payment, is barred by limitations. Limitations were urged by demurrer.

The judgment is affirmed.

*Affirmed.*