### DAUGHERTY v. ROASBERRY et al.
### (No. 1163.)

(Court of Civil Appeals of Texas. El Paso. March 24, 1921. Rehearing Denied April 14, 1921.)

1. **Frauds, statute of** ⟨⟩63(4)—**Abandonment of contract right to land not required to be in writing.**

Land was sold for $3,000, $1,000 of which was paid in cash, furnished purchasers for that purpose by defendant. The purchasers, being unable to pay the $2,000 balance, contracted to execute two deeds, one to the vendors, conveying to them an undivided half interest in the land in consideration of their canceling the notes for such balance, and the other to defendant, conveying to him the other undivided half interest, defendant to pay $500 to vendors on the execution and delivery of the deeds. *Held*, that a subsequent letter by defendant to vendors, advising them to go ahead and foreclose their vendor's lien, was not inoperative as abandonment of his rights under the contract with the vendors and purchasers on any ground that it was insufficient as a relinquishment of

an interest in real estate acquired under such agreement because not in the form of or sufficient as a deed as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1103, for defendant had no title or present interest in the property to convey, but only a parol agreement to acquire an interest.

2. **Vendor and purchaser** ⟨⟩86—**Voluntary abandonment of agreement to acquire interest in realty need not be supported by consideration.**

Voluntary abandonment or relinquishment of an agreement to acquire an interest in realty, made by the party holding the interest by his letter to other parties suing to foreclose vendor's lien on the property, may be had without supporting consideration paid or received.

3. **Tenancy in common** ⟨⟩3—**One placed in possession through attorning tenant by agreement between him and vendors and purchasers not co-owner, whose title vendors were estopped to deny.**

Land was sold for $3,000, $1,000 paid in cash furnished to the purchasers for that purpose by defendant. The purchasers, being unable to pay the $2,000 balance, contracted to execute two deeds, one to the vendors, conveying to them an undivided half interest in the land in consideration of their canceling the notes for such balance, and the other to defendant, conveying to him the other undivided half interest, defendant to pay $500 to the sellers on the execution and delivery of the deeds. The purchasers placed the vendors and defendant in possession of the property through a tenant who attorned to each of them as owners and paid rent to each for the use of the property. *Held*, vendors were not estopped to claim that defendant had abandoned his contract rights by his letter advising vendors to go ahead and foreclose their vendor's lien, by the fact that after the writing of such letter the vendors received rent on the property, on the theory that any claim of right by vendors under the letter would have the effect to take away from defendant, as co-owner, his interest in the property; for defendant was not a co-owner; his being thus placed in possession not being a conveyance to him of any interest in the property.

4. **Pleading** ⟨⟩247—**Failure of plaintiff to plead abandonment of agreement set up by defendant until after answer could not operate as an estoppel to set up such matter by trial amendment.**

Where in suit to foreclose vendor's lien it was first shown by answer and cross-action of mortgagee of purchaser and answer of widow of purchaser that widow, being unable to pay balance, agreed with vendor and mortgagee to deed the land one-half to each on a payment to be made by mortgagee to vendors, to which plaintiff pleaded by trial amendment to effect that mortgagee waived agreement by answer to letter demanding performance, in which he told vendors to go ahead and foreclose, the failure of plaintiff to sooner plead abandonment could not operate as an estoppel as to such plea.

---

**5. Vendor and purchaser ⬳285(3)—Judgment in suit to foreclose vendor's lien held not to cancel a defendant's subsequent deed of trust.**

In suit to foreclose vendor's lien, wherein plaintiffs pleaded abandonment by a defendant by letter to them of his rights under a parol agreement to acquire an interest in the property, the court having confined trial to the single issue of abandonment of the agreement by such defendant, *held* that judgment for plaintiffs should not cancel such defendant's deed of trust, constituting a second and subsequent lien on the property, and giving defendant until the property was sold under foreclosure a right of redemption.

Appeal from District Court, Culberson County; W. D. Howe, Judge.

Suit by Mary Roasberry and husband against J. M. Daugherty and others. From judgment for plaintiffs, the named defendant appeals. Judgment reformed, and as reformed affirmed.

L. A. Dale, of El Paso, for appellant.
Jno. L. Dodson, of Van Horn, for appellees.

WALTHALL, J. This suit was instituted on the 20th day of March, 1919, by Mrs. Mary Roasberry and her husband, E. A. Roasberry, against Mrs. Ethel A. Irby, individually, and as administratrix of the estate of her husband, Joe Irby, and J. M. Daugherty. The purpose of the suit was to foreclose a vendor's lien on a certain residence property consisting of certain lots and a house situated in the town of Van Horn, Culberson county, given by Ethel A. Irby and her husband, Joe Irby, to Mary Roasberry, on December 11, 1916, and expressed in four promissory notes of that date, of $500 each, due in one, two, three, and four years, with interest and attorney's fees, and providing for the maturity of all the notes in the event of default in the payment of any one of them, the notes amounting in the aggregate to the sum of $2,884.79, at the time of trial, on the 10th day of October, 1920. J. M. Daugherty, appellant, was made a defendant in the suit as claiming some interest in the property upon which the Roasberrys were seeking to foreclose their vendor's lien, by reason of a deed of trust dated December 15, 1916, and in which deed of trust Daugherty was the beneficiary. The Roasberrys alleged the death of Joe Irby; that he died intestate on October 7, 1917, leaving surviving him his wife, Ethel Irby, and four minor children; the appointment of Ethel Irby as administratrix of the estate.

Daugherty filed his answer and cross-action to the effect that he had furnished the $1,000 to the Irbys with which to make the cash payment on the property conveyed by the Roasberrys to Ethel Irby; that the deed of trust was executed by the Irbys to him to secure him in the said cash payment of the $1,000; that shortly after the purchase of said property Joe Irby died, and, Ethel Irby being unable to pay said notes, and being desirous of making some disposition of the said property, she had agreed with the Roasberrys and with him that she would execute two deeds, one to the Roasberrys, conveying to them an undivided one-half interest in said property in consideration of the cancellation of said four notes, the other deed to be executed to him (Daugherty), conveying to him the other undivided one-half interest in said property, and that upon the execution and delivery of said deeds Daugherty was to pay to the Roasberrys the additional sum of $500; that he, Daugherty, and the Roasberrys had agreed to accept said deeds, and thus to acquire said property; that Mrs. Irby had placed them in possession of said property through a tenant; that said tenant occupied said property, attorning to each of them as owners of the property and paying rent to each for the use of the property; that as a further consideration for the conveyance to him, Daugherty, by Mrs. Irby of said one-half undivided interest in said property, he was to surrender his $1,000 note to Mrs. Irby, and cancel the deed of trust upon said property; that the agreement thus made and entered into was fully made and complete, and only remained to be evidenced by the execution and delivery of the two deeds, and cancellation of the notes and deed of trust, as stipulated in said agreement.

Ethel Irby answered, individually and as administratrix, substantially as did Daugherty, and to the effect that after the death of Joe Irby there was an agreement between the Roasberrys, Daugherty, and herself, whereby Daugherty was to pay to the Roasberrys $500 upon the execution and delivery of the two deeds above referred to; that the Roasberrys and Daugherty were put in possession of the property in controversy; and that she stood ready and willing to execute the deeds as above.

The Roasberrys by supplemental pleadings denied generally the matters alleged by Daugherty, except as to said agreement, and as to the agreement they allege that Daugherty agreed that within a short time and at the utmost, within two or three months, to have Mrs. Irby execute the said two deeds called for by the agreement, and that Daugherty had not complied with the agreement, either as to payment of the $500 or the execution of the deeds. By trial amendment the Roasberrys further alleged that, being desirous that Daugherty comply with said agreement, E. A. Roasberry wrote Daugherty a letter, in which he advised him that unless he, Daugherty, complied with his said verbal agreement immediately, as a reasonable time

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had expired, it would be necessary for them, the Roasberrys, to proceed to foreclose their said four vendor's lien notes, and to which letter Daugherty advised them to proceed to foreclose their said vendor's lien notes.

Daugherty answered said trial amendment, denying that he ever wrote or authorized the writing of the letter referred to in said trial amendment. Still later in the trial, and after the Roasberrys had testified, Daugherty filed a plea in estoppel, to the effect that the Roasberrys were estopped to deny said agreement:

First. That if there was a limitation as to the time in which the agreement to receive the deeds from Mrs. Irby, the Roasberrys had waived said time by receiving rents from the tenant in possession of said property long after the expiration of the time limit as pleaded by the Roasberrys. Second. That the agreement to acquire title from Mrs. Irby was in force fully and completely by its original terms or by waiver, and that there is no consideration pleaded by the Roasberrys as having been paid to him (Daugherty) for a relinquishment of his right by reason of said agreement as to said property. Third. That the Roasberrys were estopped to deny said agreement, for the reason that, after the writing of said letter, as alleged, the Roasberrys received rents on the property, the tenant being the joint tenant of both the Roasberrys and him (Daugherty) under the said agreement, as well as under the original acquisition of the property. Fourth. That the Roasberrys are estopped in equity from now relying upon said relinquishment of his rights and their claim of authority, by reason of said letter to foreclose the vendor's lien, for the further reason that the Roasberrys had held out to Daugherty a different state of facts from that relied upon, viz. the writing of said letter advising them to foreclose the vendor's lien. The court by an order sustained the plea in estoppel, "except as to the letter alleged to have been written after August 29, 1918, as to which it is overruled." Thereupon the court in the trial confined the evidence to the one issue thus made by the pleadings, as to whether or not Daugherty had written the letter, on or about September 10, 1918, to E. A. Roasberry, advising him to proceed to foreclose the vendor's lien notes.

The court submitted to the jury the following special issues:

"(1) Do you find from the preponderance of the evidence that on or about September 1, 1918, and after the letter of August 29, 1918, the plaintiff Dr. Roasberry wrote a letter to the defendant, J. M. Daugherty, in which he advised the said Daugherty that unless he complied with said verbal agreement immediately, as a reasonable time had expired, it would be necessary for the plaintiffs to foreclose their four promissory vendor's lien notes? Answer Yes or No."

"If you have answered the preceding question in the affirmative then answer the following question:

"(2) Do you find from the preponderance of the evidence that the defendant, J. M. Daugherty, ever received the letter alleged to have been written after August 29, 1918, and on or about September 1, 1918? Answer Yes or No."

"If you have answered yes to both the preceding questions then answer the following question:

"(3) Do you find from the preponderance that on or about the 10th day of September, 1918, the defendant, J. M. Daugherty, replied to such letter, advising these plaintiffs in his reply to proceed to foreclose their said promissory vendor's lien notes? Answer Yes or No."

The jury answered in the affirmative to each of the above questions. Thereupon the court entered judgment in favor of the plaintiffs and against Mrs. Ethel Irby individually, and as administratrix of the estate of Joe Irby, deceased, in the sum of $2,884.79, being the aggregate of the notes, interest, and attorney's fees, and foreclosing the lien expressed in the notes to satisfy the judgment, and directing that no levy be made upon property other than the property upon which this lien was given. That the Roasberrys have judgment against Daugherty canceling his deed of trust on said property, and that Daugherty take nothing by his cross-action. Daugherty alone appeals.

[1] Under the first assignment appellant presents the proposition that:

"The letter found by the jury to have been written by Daugherty, on or about September 10, 1918, to E. A. Roasberry advising him to go ahead and foreclose his vendor's lien notes, is insufficient as a relinquishment of the interest in real estate acquired by Daugherty under the agreement between himself, the Roasberrys, and Mrs. Irby; same not being in the form of, nor sufficient as a deed of, conveyance."

Appellant refers us to article 1103, Vernon's Sayles' Texas Civil Statutes, Southern Pine Lumber Co. v. Arnold et al., 139 S. W. 917, Clitus v. Langford, 24 S. W. 325, and in the argument used Gardner v. Randell, 70 Tex. 453, 7 S. W. 781, as sustaining his contention. The case was finally tried solely upon the theory that if Daugherty had any interest whatever in the premises as against the enforcement of the lien expressed in the four notes he relinquished such interest by advising the Roasberrys to proceed with the suit of foreclosure. While the jury found the facts of the writing of the letter, its receipt, and the advice of Daugherty to the Roasberrys to proceed to foreclose the lien, the question of fact as to whether such facts constituted a present relinquishment or abandonment of any agreement Daugherty has to acquire an interest in the property as against the lien was not submitted to the

jury, but if the issue was concluded or found, it was found by the court not specifically, but impliedly, by rendering judgment against Daugherty on the facts found or on the evidence submitted, or both. A present relinquishment or abandonment vel non of a contract or agreement has uniformly been held to be an issue of fact, and what facts would constitute a relinquishment or abandonment of a contract or agreement. McClellan v. McLemore, 70 S. W. 224; Kilgore v. N. W. T. B. E. Association, 90 Tex. 139, 37 S. W. 598. We conclude from the record that the court found as a fact that Daugherty relinquished whatever agreement he may have had to acquire an interest in the property.

The findings of the jury and the court as above are supported by the evidence. The controlling facts, as outlined in appellees' pleading, are uncontroverted except as to the issues found by the jury and the court as above.

Appellant discusses the proposition upon the theory that the letter written by him to the Roasberrys does not have the essentials of a conveyance by him of an interest in the property itself, and his contention is that the pleadings and the evidence show that at the time the letter was written by him to the Roasberrys he had, by reason of the verbal agreement and the action of the parties thereunder, as stated, a present vested interest in the property. The facts pleaded and the evidence offered do not, it seems to us, bring the case under Gardner et ux. v. Randell, 70 Tex. 453, 7 S. W. 781. That was a case in which Gardner and Randell, in advance of the purchase, agreed to purchase the lot in controversy jointly, each paying one-half of the purchase price. Gardner paid the entire purchase money and took a bond for title in his own name. The suit was by Randell against Gardner for a one-half interest in the property. The judgment was for Gardner, and Randell appealed. The court held that the parol agreement between Gardner and Randell was not within the provision of the statute of frauds, as the agreement was not a "contract for the sale of real estate." The case is not in point. In this case, whatever the parol agreement of the parties was, the fact was found that Daugherty relinquished or abandoned it.

The assignment only questions the sufficiency of the letter as a deed of conveyance. Daugherty had no present interest in the property to convey. No title was in him. Conceding to him all that he claimed, except as to his deed of trust, a subsequent lien, he had only a parol agreement to acquire an interest. The assignment does not question the sufficiency of the evidence to show that Daugherty, both in intention and in fact, abandoned his agreement to acquire an interest in the property. The assignment is overruled.

[2] There is no merit in the second assignment insisting that the letter written by Daugherty to the Roasberrys, advising them to proceed to foreclose the vendor's lien on the property, was insufficient as a relinquishment of the interest of Daugherty in the property, as no consideration was pleaded or proved to support it. Daugherty had no vested interest in the property, as seems to be assumed in the assignment. A voluntary abandonment of an agreement to acquire an interest may be had without consideration paid or received.

[3] Under the fourth assignment it is insisted that the collection of rents by a co-owner in possession of the property prior to the alleged relinquishment by one of the co-owners, such collection of the rents being subsequent to such relinquishment, is inconsistent with any claim of right under the letter authorizing foreclosure of the vendor's lien, which, if done, would have the effect to take away from the co-owner his interest in the property occupied by the tenant who paid the rent. The proposition is hypothetical, in that it assumes that the Roasberrys and Daugherty were co-owners of the property. Daugherty was not a co-owner of the property. The fact that Mrs. Irby had placed the Roasberrys and Daugherty in possession of the property through a tenant who attorned to them in the payment of rent, and in pursuance of the parol agreement to deed to each a one-half interest in the property in adjustment of the matters between them, and when Daugherty had paid to the Roasberrys an additional $500, which was never paid, was not a conveyance to Daugherty of an interest in the property. We fail to see how it could be successfully maintained that Daugherty was a co-owner or had any vested interest whatever in the property.

[4] The failure of the Roasberrys to sooner plead abandonment of the parol agreement by reason of the letter written by Daugherty to them to proceed to foreclose their vendor's lien did not work an estoppel as to said plea as claimed in the fifth assignment. They had no occasion to plead abandonment of the parol agreement by reason of the letter until after Daugherty's answer and cross-action setting up the parol agreement, and Mrs. Irby's answer pleading the parol agreement. The record does not show that their failure to sooner plead the letter as a basis for their plea of abandonment induced Daugherty to alter his position as to the parol agreement in any manner injurious to himself, or to abandon any right he might have had, or to mislead Daugherty in any way. The plea of estoppel, it seems to us, has no application to the facts of the case.

Some of the assignments present issues which were not passed upon by the trial court, the court having confined the trial to the one issue of fact, namely, abandonment by Daugherty of the parol agreement to ac-

quire an interest in the property by reason of the letter to Roasberry.

[5] The judgment, we think, should not cancel the Daugherty deed of trust. It constituted a second and subsequent lien on the property, and under it Daugherty, until the property is sold under the foreclosure, has a right of redemption.

The judgment of the trial court is so reformed as to eliminate that portion canceling the Daugherty deed of trust, and with the judgment so reformed the case is affirmed.

Reformed and affirmed. Costs of this appeal are taxed against Daugherty.