## NELLIE W. SOLETHER ET VIR. V. TRINITY FIRE INSURANCE COMPANY

No. 6302.   Decided January 23, 1935.
(78 S. W., 2d Series, 180.)

364

*S. N. McWhorter*, of Weslaco, for plaintiffs in error.

Property having · been purchased with understanding between husband and wife that title was to be taken in the name of the husband, but that it should be the wife's separate property, and the cash payment was made with her separate funds, and the balance ultimately, becomes and remains the wife's separate property, notwithstanding that the husband executed his note for balance of purchase money on date of purchase and later borrows money to discharge such note, which borrowed money was later repaid out of wife's funds. McClintic v. Midland Grocery Company, 106 Texas, 32, 154 S. W., 1157; Sparks v. Taylor, 99 Texas, 411, 90 S. W., 485; Levy & Co. v. Mitchell, 114 S. W., 172 (writ denied); Amend v. Jahns, 184 S. W., 729.

*Hill & Greer*, of Mission, *Goggins & Allison*, of Dallas, and *John J. Cox*, of San Antonio, for defendant in error.

The status of the title to property is determined at the inception of title, and where community credit is pledged for the payment of property, the status of that property is communiy, and is liable for the debts of the husband, and an abstract of judgment lien attaches to this community property. Williams v. Jones, 122 Texas, 61, 52 S. W. (2d) 256; Uglow v. Southern, 250 S. W., 738; Wood v. Key, 256 S. W., 314; Speer's Law of Marital Rights (3d ed.), 450; 1 Perry Trusts and Trustees, sec. 126; 3 Promeroy Eq. (2d ed.), 1991.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

The trial court decided this case in favor of Mrs. Nellie Wood Solether, wife of Chell Solether. The Court of Civil Appeals in part affirmed and in part reversed and rendered. We therefore consider the evidence in its most favorable light for Mrs. Solether.

By deed dated May 18, 1926, and filed for record on July 29, 1926, John M. Bennett conveyed the land here involved, which is located in Hidalgo County, Texas, to Chell Solether. At that

time the marriage relation existed between Mr. and Mrs. Solether. The deed recited a total consideration of $8,632.00. One-half of this sum, $4,316.00, was paid in cash. For the other one-half the husband executed his own personal vendor's lien notes aggregating $4,316.00, payable to the order of John M. Bennett. The deed does not mention Mrs. Solether and she did not sign any of the notes.

The cash consideration named in the deed was paid by the husband out of the wife's separate means and money. Mrs. Solether was out of the state when this land was purchased, and at such time she did not know anything about the transaction. At the time this property was purchased in the name of the husband there was no agreement of any kind with John M. Bennett that the wife's separate estate was to be . looked to for the payment of the above mentioned vendor's lien notes. In fact it is not shown that Bennett knew where the cash paid came from. After the property was conveyed to the husband he and his associates began selling it in lots or sub-divisions, but trouble was had with John M. Bennett in securing releases to the tracts as sold. The husband then borrowed from one Porter Doss the sum of $4,000.00 In this transaction the husband used his own credit, and the credit of the community. He just executed and delivered to Doss a plain promissory unsecured note for the sum mentioned. Doss did not know the wife in the transaction. This $4,000.00 was paid to John M. Bennett in satisfaction of the above vendor's lien notes, and Bennett executed and delivered to the husband a full receipt and release therefor. At the time of this transaction the wife was still of out the State and knew nothing about it.

The $4,000.00 note of the husband to Doss was paid out of the proceeds received out of the sales of parts of the property conveyed by John M. Bennett to him. These profits were derived from enhanced values brought about by the labor and management of the husband in subdividing and improving the property.

On October 10, 1929, Trinity Fire Insurance Company recovered a judgment against the husband in the District Court of Bexar County, Texas. An abstract of the judgment was properly filed for record in the judgment lien records of Hidalgo County, Texas, and properly recorded and indexed on November 14, 1929. At this time the title to the land here involved was still in the name of the husband on the records of Hidalgo County.

By deed dated December 7, 1929, the husband conveyed this

property to his wife. This deed was executed and recorded after the above abstract of judgment was recorded in Hidalgo County, Texas.

The insurance company has fixed a judgment lien on all of the property here involved that does not belong to the separate estate of the wife. No homestead question is involved.

Claiming that the above facts constituted this property her separate and individual estate, Mrs. Solether, joined by her husband, filed this suit in the District Court of Hidalgo County, Texas, against Trinity Fire Insurance Company to remove the cloud to her asserted title in the entire tract created by the recording of the above abstract of judgment.

The insurance company answered Mrs. Solether's petition and denied that this property was her separate estate, and asserted that it was the community property of Mr. and Mrs. Solether. The insurance company also sought foreclosure of its asserted judgment lien to the amount of $4,010.95, with interest from July 8, 1930, it being shown that that was the amount then due on the above judgment.

Trial to the court without a jury was had in the district court, and judgment was there rendered decreeing that this property was the separate estate of Mrs. Solether. The judgment also removed the cloud to Mrs. Solether's title created by the recording of the abstract of judgment, and enjoined the insurance company from asserting any right or title to this property by virtue of the recording such abstract of judgment.

The insurance company prosecuted writ of error to the Court of Civil Appeals. On original hearing in that court the judgment of the district court was affirmed. On motion for rehearing the judgment of the district court was reversed and the cause remanded for a new trial. On second motion for rehearing the Court of Civil Appeals rendered judgment in accordance with the following opinion or order:

"The case having been fully developed and the facts made clear upon the whole case, plaintiff in error's motion for rehearing will be granted, the judgment will be reversed and judgment here rendered decreeing to plaintiff the foreclosure of its asserted lien upon an undivided one-half interest in and to the property involved, together with all writs incident to that relief, with costs of appeal."

It will be noted that the deed from the husband to the wife above mentioned was made after this abstract of judgment was filed, recorded and indexed. For that reason, if for no other, it cannot affect the rights of the insurance company in this

case. The wife's rights must be determined by the facts as they existed at the time the abstract of judgment was filed. At that time the legal title to this land stood in the husband. If the wife then had any separate estate therein same must have been such equitable estate or trust as resulted from the facts above detailed.

■ A resulting trust is a creature of equity. It arises from the transaction and is not created by contract. Boehl v. Wadgymar, 54 Texas, 589; Oury v. Saunders, 77 Texas, 278, 13 S. W., 1030. A resulting trust must arise at the very time the legal title passes. Parker v. Coop, 60 Texas, 111; Gardner v. Rundell, 70 Texas, 453, 7 S. W., 781. Oury v. Saunders, supra. Acts of the parties after the title is taken will not constitute a resulting trust. Perkins v. Davidson (Civ. App.), 56 S. W., 121; Kinlow v. Kinlow, 72 Texas, 639, 10 S. W., 729; Oury v. Saunders, supra.

■ In Texas the husband and wife are separate and distinct persons in law and each can hold separate property. Also the above rules applicable to resulting trusts apply to transactions between them. Speer's Law of Marital Rights, p. 532, No. 448 and authorities there cited.

■■ It is settled by the statutes and decisions of this state that property acquired by purchase during marriage whether the conveyance be in the name of the husband, or in the name of the wife, or in the names of both, is prima facie community property. Art. 4619, R. C. S., 1925; Speer's Law of Marital Rights, supra. Wright v. Wright, 3 Texas, 179; Cox v. Miller, 54 Texas, 16. This presumption can be rebutted by satisfactory proof, except as to bona fide purchasers and contract lien creditors without notice. Speer's Law of Marital Rights, supra. Such presumption is rebutted as to the wife when it is established that the property was paid for out of her separate estate. Foster v. Christenson (Com. App.), 67 S. W. (2d) 246. Before the portion of the title represented by notes can be held to belong to the separate estate of the wife, it must be shown "that it was agreed at the time by the parties to the deed that the land should be her separate property and that the balance of the purchase money should be paid out of her separate funds." Foster v. Christenson, supra.

■ At the time this abstract of title was filed in the judgment lien records of Hidalgo County, Texas, the legal title to this land stood in the name of the husband. If the wife had any separate estate therein such estate must have grown out of a

resulting trust. When it was shown that the wife's separate money was used, under the circumstances above detailed, to pay the cash consideration named in the deed from Bennett to the husband, same being one-half the total consideration paid for the land, a resulting trust was established in favor of the wife as to one-half of such land. On the other hand no resulting trust was shown in her favor as to the other one-half of this land. Her separate funds were not used to pay for same, and there was no agreement at the time the legal title passed to the husband that the land should be her separate property, or that the notes executed by the husband should be paid out of her separate funds.

The judgment of the Court of Civil Appeals is affirmed.

Oponion adopted by the Supreme Court January 23, 1935.