**BLACKMON et al. v. APPLE et ux.**

No. 3258.

Court of Civil Appeals of Texas. El Paso.
Oct. 24, 1935.

Rehearing Denied Nov. 7, 1935.

Edwin Lacy and Jack E. Price, both of Longview, and Geo. Prendergast, of Marshall, for appellants.

Lee, Porter & Latham, of Longview, for appellees.

HIGGINS, Justice.

This is a suit by Blackmon and others, trustees of a colored Methodist Church, against E. Apple and wife, to recover a mineral estate in two acres of land conveyed by plaintiffs to Apple and wife by deed dated June 30, 1931, and to cancel said deed. At the close of the evidence the court withdrew the case from the jury and rendered judgment in the defendants' favor.

In April, 1931, defendants acquired from R. E. Parks certain mineral interests in the land which Parks had previously acquired from plaintiffs. In the latter part of June, Parks offered to sell E. Apple an additional interest. Apple agreed to purchase same for $250. Parks did not own such additional interest, but obtained from plaintiffs the deed of June 30, 1931, conveying same to Apple and wife for a recited consideration of $10 cash paid. The true consideration agreed to be paid by Parks was $150, for which amount he gave plaintiffs his check drawn upon the Rembert National Bank of Longview. Plaintiffs then delivered the deed to Parks, who in turn delivered the deed to E. Apple, who paid him $250 for the mineral interest conveyed. Plaintiffs deposited the Parks check in a Kilgore

bank on July 1, 1931. It was dishonored by the drawee and returned July 3d, with the notation, "no funds." When Parks gave the check he had sufficient funds in the Rembert Bank to pay same, but before the check was presented for payment he withdrew his balance.

The facts stated show an executed conveyance of the land by plaintiffs to defendants reciting payment of the consideration; but in truth the consideration was not paid. Under such circumstances, the vendor, in the absence of fraud, cannot recover the land, but could only recover the unpaid purchase money; assert and foreclose his implied lien upon the land securing payment of such purchase money. Bearrow v. Wright, 17 Tex. Civ. App. 641, 43 S. W. 902; Ransom v. Brown, 63 Tex. 188. This remedy the plaintiffs have not invoked, but seek to rescind the sale and recover the land upon the ground of fraud. They allege Parks represented to them the check was equivalent to cash and would be immediately paid by the bank; and that if Parks had funds in the bank to pay the check when he gave it he then intended to immediately withdraw such funds so the check would not be paid when it was presented.

The evidence supports the allegations of the representations alleged to have been made by Parks; and the fact that he in person immediately withdrew his balance from the bank warrants the inference that he did not intend to pay the consideration when the transaction was closed. It seems to have been a scheme on the part of Parks to defraud these ignorant negro trustees.

The evidence does not connect Apple and wife with the fraud practiced by Parks. But they were the grantees in the deed. They thus became parties to the transaction by which the title passed from the trustees to them. They cannot retain the benefit of the fraud by which Parks acquired the title for them without assuming the consequences attaching to such fraud. 21 R. C. L. Title Principal & Agent, §§ 109 and 111; 2 C. J. Title Agency, § 121.

Upon this principle the Apples must be held to have ratified the unauthorized fraud practice by Parks in securing the title for them.

The evidence raises the issue of fraud, and should have been submitted to the jury.

Upon retrial, if fraud be established, plaintiffs are entitled to recover the land unless defendants do equity and pay plaintiffs the $150 which Parks agreed to pay for the interest conveyed.

Reversed and remanded.

### On Rehearing.

Appellees' motion for rehearing presents nothing calling for further discussion.

Appellants assign error to the last paragraph of the original opinion holding, if fraud be established upon retrial, plaintiffs are entitled to recover the land unless defendants pay them the $150 which Parks agreed to pay. Appellants complain of the right thus accorded appellees to retain the mineral interest upon payment of the $150.

The principle upon which such ruling was made is well stated by Mr. Pomeroy, quoted with approval by Judge Stayton in State v. Snyder, 66 Tex. 687, 18 S. W. 106, 108, as follows: " 'It may be regarded as a universal rule governing the court of equity in the administration of its remedies that, whatever may be the nature of the relief sought by the plaintiff, the equitable rights of the defendant growing out of or intimately connected with the subject of the controversy in question will be protected; and for this purpose the plaintiff will be required, as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable rights, if any, the defendant may have, and to that end the court will, by its affirmative decree, award to the defendant whatever reliefs may be necessary in order to protect and enforce those rights.' Pom. Eq. Jur. § 388."

Parks was not the agent of appellees. They thought they were buying from Parks until appellants' deed, direct to them, was tendered.

Appellees, as well as appellants, were the victims of what appears to be a fraud practiced by Parks.

Appellants have invoked the equitable remedy of rescission, and the facts render applicable the rule so well stated by Mr. Pomeroy.

Had appellants sought to recover of appellees the purchase price and foreclose their implied lien, appellees could have retained the interest conveyed by paying the $150 with interest. Upon the facts there is no reason why appellees should be deprived of the right to pay the purchase price and retain the mineral interest. Such right is not to be defeated because appellants in-

voked their alternative remedy of rescission.

We will say further, however, that appellees should also be required to pay interest upon the $150, at the rate of 6 per cent. per annum.

Both motions for rehearing are overruled.