**·BLACKMON et al. v. APPLE et ux.**

No. 3604.

Court of Civil Appeals of Texas. El Paso.

Jan. 13, 1938.

Rehearing Denied Jan. 27, 1938.

Geo. Prendergast, of Marshall, and Jack E. Price and Edwin Lacy, both of Longview, for appellants.

Edward A. Brown and Lee & Porter, all of Longview, for appellees.

HIGGINS, Justice.

This is the second appeal in this case. The fomer opinion is reported in 86 S.W.2d 1088, to which we refer for a statement of the nature·of the litigation and material facts shown by the evidence. The last trial was before the court without a jury. Complete findings and conclusions were filed, but it is unnecessary to state the same. In the course of the opinion we will refer to certain of the facts found by the trial court.

The judgment from which the present appeal is prosecuted denies the plaintiffs (appellants here) any relief except they were awarded $150, tendered by the defendants, with interest thereon at 6 per cent. per annum from July 1, 1931, to October 26, 1933, for the use and benefit of the church in whose behalf the plaintiffs sued as trustees. The judgment discloses the defendants, when judgment was rendered, then paid into the registry of the court said sum of $150, with interest as aforesaid.

Various propositions submitted by the appellants are abstractly correct, but they have no application to the facts, and they are for this reason overruled without discussion.

It is asserted Parks was the agent for Apple and wife in negotiating with the plaintiffs ˙for the two acres of land in controversy. The trial court found that Parks was not such agent, and the evidence supports such finding. The findings of the court disclose that Parks was guilty of fraud, in that he did not intend to pay the consideration for the land when the transaction was closed, and defrauded them out of such consideration in the manner indicated in the former opinion. · The findings of the trial court acquit the Apples of participation in the fraud. It is quite clear from the record that appellees, as· well as appellants, were victims of the fraud practiced by Parks.

Upon the former appeal it was held that appellees were entitled to retain the mineral interest conveyed by paying the $150, with interest. We adhere to this ruling. As stated·above, appellees, as well as appellants, were victims of Parks' fraud, but the apppellants made it possible for Parks to practice the fraud upon the defendants by delivering to Parks the deed. The Apples were entirely innocent in the matter, and for this reason they are entitled to retain the mineral interests upon paying the consideration, with interest. It was so held on the former appeal.

Judgment was rendered October 30, 1936. The defendants' answer was filed October 26, 1933. In this answer they conditionally tendered plaintiffs the sum of $150, with 6 per cent. interest per annum from June 30, 1931, to date of judgment. They made no actual tender or deposit in the registry of the court. In view of the conditional nature of the tender, the failure to deposit the $150 in the registry

of the court, and defendants' offer to pay interest to the date of judgment, appellants should have been awarded interest to such date. 40 Tex.Jur. p. 839, § 2; Brock v. Jones' Ex'r, 16 Tex. 461; Tooke v. Bonds, 29 Tex. 419; Odum v. Carter, 36 Tex. 281; Flake v. Nuse, 51 Tex. 98; Stone Land & Cattle Company v. Boon, 73 Tex. 548, 556, 11 S.W. 544; Weaver v. Nugent, 72 Tex. 272, 277, 10 S.W. 458, 13 Am.St.Rep. 792; Spann v. Sterns' Adm'rs, 18 Tex. 556, 562; Gardner v. Randell, 70 Tex. 453, 457, 7 S.W. 781.

All other propositions are controlled by the ruling upon the former appeal. They are overruled for the reasons stated in the former opinion.

The judgment of the court below will be corrected so as to award such additional interest, and, as so corrected, affirmed.