**SIMS v. DUNCAN et al.**
**No. 11753.**

Court of Civil Appeals of Texas. Galveston.
May 2, 1946.

Rehearing Denied June 6, 1946.

Bailey P. Loftin, of Houston, for appellant.

Fred Much, of Houston, for appellees.

CODY, Justice.

This is an action in trespass to try title to a parcel of land described in appellant's petition, and a suit for affirmative equitable relief, brought by appellant against appellees. Appellees Boeckman filed a joint answer which contained special exceptions, a plea of not guilty, a general denial, pleas of the three, five and ten years statute of limitations, together with a plea of the four year statute of limitation against the

specific performance of any alleged agreement to convey the property in question. By way of cross-action said appellees Boeckman sued appellant in trespass to try title to aforesaid property. Appellee Dr. Clara K. Duncan, a widow, filed a separate answer which was in all material respects similar to the aforesaid answer of her co-defendants, but she filed no cross-action.

At the conclusion of all the evidence, in response to motions, the court peremptorily instructed the jury to find for appellees upon the main action, and in favor of appellees Boeckman on their cross-action. Accordingly judgment was rendered that appellant take nothing by her suit, and that appellees Boeckman upon their cross-action recover from appellant the title and possession of the land in question, being Lot 33 in the W. L. Hill Subdivision of the Martin K. Snell Survey in Harris County, and which was described by metes and bounds in appellant's petition.

The substance of the petition upon which appellant went to trial was that she was suing appellee Dr. Clara K. Duncan as the sole heir of Charles H. Kocher, deceased. That said Kocher was the brother of Dr. Clara K. Duncan, and was a sickly man for years before his death. That appellant was an ignorant negro woman, who was first employed in 1920 by the mother of said Kocher to care for him as a servant. That the contract of employment provided that appellant should be paid a weekly wage of ten dollars, and should receive her board and that of her daughter, and that she should also receive a conveyance of a home.

That when the mother of the aforesaid Kocher died in the spring of 1922, his sister, appellee Dr. Clara K. Duncan, renewed and continued said contract of employment, inclusive of the promise to purchase appellant a home. That in April, 1922, Dr. Duncan notified appellant that she had purchased for her the promised home, which is the property here involved, and ordered her to move in and take possession of said property. That appellant did so in May, 1922. That thereafter Dr. Clara K. Duncan was not able to meet the deferred payments on the purchase price (which matured at the rate of fifty dollars a month), and with the consent of appellant applied her weekly wages thereon, and likewise with her consent sold thirty cows and two horses belonging to appellant, and applied the proceeds on the purchase price. That the total amount of the money so supplied and so applied was $12,599.50.

That the deed to the property was taken in the name of the said Charles Kocher, and it was explained to appellant by said Kocher and Dr. Duncan that the owner would not have conveyed the property to a negro, and that she should trust them and she would get the property. That they encouraged her to improve the place, which she did upon their representation that it was hers. That she planted trees and flowers and built walks on the place at a cost of $2,500. That Kocher was under the domination of his sister, Dr. Duncan, and told her that if his sister did not let him deed the land to her, appellant, he would will it to her. That she learned for the first time after Kocher died, December 31, 1943, that he had conveyed the property to appellees Boeckman in 1937, retaining a life estate therein. That appellee Mrs. Boeckman is the daughter of Dr. Duncan.

That the appellees Boeckman were not innocent purchasers for value, but knew all the facts. That the legal title was vested in Charles Kocher in trust for appellant.

Appellees by their special exceptions asserted that the allegations of appellant's petition failed to set forth the necessary elements of a parol trust on the one hand, and that said allegations sought to enforce a purported agreement in violation of the Statute of Frauds.

Appellant predicates her appeal upon six points which, for brevity, have been edited by us, and as so edited are:

1. The court erred in instructing a verdict against appellant, since she testified that she owned an equitable title to the land, and that Kocher only held the legal title in trust for her.

2. That appellant and the Boeckmans claimed title from a common source, so it was not necessary for appellant to prove title into herself from the sovereignty of the soil.

3. That appellant introduced evidence in support of her allegations that the Boeckmans were not purchasers in good faith for value and without notice.

4. That appellant pled, and introduced evidence of, a "parol resulting trust" in the land for her benefit.

5. That appellant testified and introduced evidence of a "parol resulting trust" for her benefit in the property, and that she brought suit within four years after learning that her trustee, Kocher, had conveyed the land to appellees Boeckman.

6. That R.C.S. Art. 3716 does not apply where a deceased person is shown to be a trustee, and the court erred in refusing to permit appellant to testify to conversations with Charles H. Kocher, deceased.

█ A peremptory instruction was given against appellant. Under the rule too well known to require citation of authority it is our duty in passing on the correctness of such action to determine whether there was any evidence legally sufficient to carry any claimed issue of fact to the jury, disregarding any evidence adduced in favor of appellees. And if upon an examination of the evidence it be determined there was sufficient evidence to present such an issue to the jury, it is necessary to remand the case for a new trial.

Applying such rule we find that there was evidence to the following effect:

That upon her mother's death Dr. Duncan employed appellant as a servant to care for Kocher for a weekly wage of ten dollars and board for herself and daughter, and the promise to buy her a home. That the property in question was conveyed to Charles H. Kocher, since deceased, by W. L. Hill by general warranty deed for the consideration of $3,300, of which sum a balance of $3,250 remained to be paid in monthly installments of fifty dollars, with interest at the rate of 8% per annum, payable semi-annually. To secure the deferred payments a vendor's lien was retained. That by general warranty deed dated December 17, 1937, the aforesaid Kocher, upon the consideration of ten dollars, and subject to the outstanding indebtedness then amounting to $2,638.76, conveyed the property to appellees Boeckman, and retained a life estate in the surface rights of the property. That appellees Boeckman were the daughter and son in law of Dr. Duncan.

That shortly prior to the date of said deed to Kocher, Dr. Duncan told appellant that she had bought the place she promised to convey to her if she would care for Kocher as a servant until he died. And Dr. Duncan instructed appellant to move out onto the property with Kocher to care for him there in the capacity of a servant. That appellant did as she was so instructed. That appellant knew the land had been conveyed to Kocher, but Dr. Duncan told her that she would see to it that she (appellant) would get it upon Kocher's death, and appellant trusted Dr. Duncan. That Dr. Duncan told her in the presence of the Boeckmans and certain other named persons that the place was hers (appellant's) and that she could place any improvements on it, as it was being paid out with her, appellant's, money. The evidence was sufficient to support an inference that appellant had planted an unspecified number of pecan trees that were 18 or 19 years old at the time of the trial, and other trees, and had constructed concrete walks on the place, but there was no evidence of the value of said improvements either at the time same were placed on the premises or at the time of the trial.

█ The deed from W. L. Hill to Charles H. Kocher, when introduced into the evidence, established as a presumption of law that he was the owner of the fee simple estate therein, subject to the vendor's lien. Clayton v. Ancell, 140 Tex. 441, 168 S.W.2d 230. "To overcome this presumption and engraft a parol trust on a deed the person asserting such trust has the burden of showing the parol trust by clear, satisfactory and convincing proof thereof. Jones et al. v. Siler et al., 129 Tex. 18, 100 S.W.2d 352, 355, and authorities cited." Clayton v. Ancell, supra, 140 Tex. at page 447, 168 S.W.2d at page 233. "A parol trust must be based upon a binding agreement made in advance of the acquisition of title." Id., 140 Tex. 441, 168 S.W.2d 233.

In Jones v. Siler, referred to supra, in the quotation from Clayton v. Ancell, the court said at page 24 of 129 Tex., at page 355 of 100 S.W.2d: "Two essentials for the creation of a valid parol trust, as the doctrine is explained by Justice Williams in Allen v. Allen, 101 Tex. 362, 366, 107 S.W. 528, are: First, that a person having title conveys, or contracts in writing to convey, the title to another; and second, that the person to whom the title is conveyed agrees, before or at the time the title is acquired, to take or hold title for the benefit of the grantor or of a third person." Neither such essential was shown to be present here. The only person with whom appellant claimed to have any contract was Dr. Duncan. There was no evidence that any one who did take or hold the property, agreed to take or hold same for appellant. But the evidence affirmatively established that Dr. Duncan at no time took or held title to the property in question.

As we understand the allegations of appellant's petition they were to the effect that Dr. Duncan promised to convey the property to appellant in the future —upon Kocher's death. There was no contention that there was any evidence in writing of any such contract or promise. In Hooks v. Bridgewater, 111 Tex. 122, 126, 229 S.W. 1114, 1116, 15 A.L.R. 216, Chief Justice Phillips, speaking for the court, held that from an early date it had been the invariable rule of the Supreme Court that in order to relieve a parol sale of land from the operation of the Statute of Frauds, three things were necessary: (1) Payment of the consideration, whether it be in money or services. (2) Possession by the vendee. (3) The making of valuable and permanent improvements on the land, or without such improvements, such facts as would make the transaction a fraud upon the purchasers if not enforced. That payment of the consideration in full was not sufficient, nor is possession of the premises by the vendee sufficient. That each of the three elements is indispensible. That the statute of frauds is valid, imperative and emphatic. That its require-

ment that contracts for the transfer of land be in writing imposes no hardship, and that equity will not relieve against the statute of frauds except to prevent fraud. "When it is considered that the exercise of that jurisdiction results in any case in practically setting the statute aside, certainly there should exist some positive rule which will insure its exercise for only the prevention of an actual fraud as distinguished from a mere wrong, and by which the question of whether a failure to enforce the contract would result in such a fraud may be determined so surely as to leave the statute itself, through the exactness of the exception, with some definiteness of operation. * * * There is no fraud in refusing to enforce the contract where only the consideration is paid. The value of the consideration may in a law action be recovered. * * *"

In Thornton v. Central Loan Co., Tex.Civ.App., 164 S.W.2d 248, 251, writ refused, it was held: "In order to take a parol gift of land out of the statute of frauds as to third parties dealing with the record owner, the gift must be followed by possession which in itself attests the fact that such possession is intended as a delivery under the parol gift or agreement; and such possession on the part of the donee must be exclusive and adverse to the donor. Art. 3995, R.C.S.; Hooks v. Bridgewater, (cited supra), 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Mulkey v. Allen, Tex.Com.App., 36 S.W.2d 198; and Hauser v. Zook, Tex.Civ.App., 278 S.W. 518, 519, writ dismissed, wherein the court say: 'There was not shown by any testimony an exclusive possession, but one contemporaneous with that of the true owner. * * *'"

Appellant's evidence wholly failed to show that she was ever placed in exclusive possession of the property. It affirmatively established that she went upon the property as a servant to care for the record owner, Kocher. The evidence wholly failed to show that appellant was ever in exclusive and adverse possession of the property. The evidence was insufficient to sustain any theory of recovery

for appellant upon which the case appears to have been tried below.

Appellees have ignored appellant's two points, 4 and 5, supra, relative to a "parol resulting trust." They have confined their answer wholly to appellant's contention that the alleged trust was created by contract. Appellant has cited no authority on resulting trusts referred to in her aforesaid points, and we have not been able to determine if appellant is seeking on appeal to contend that the evidence established a trust in the property other than by contract. But be that as it may, it was held in Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 367, 78 S.W.2d 180, 182: "A resulting trust is a creature of equity. It arises from the transaction, and is not created by contract. Boehl v. Wodgymar, 54 Tex. 589; Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030. A resulting trust must arise at the very time the legal title passes. Parker v. Coop, 60 Tex. 111; Gardner v. Randell, 70 Tex. 453, 7 S.W. 781, Oury v. Saunders, supra. Acts of the parties after the title is taken will not constitute a resulting trust. Perkins v. Davidson, 23 Tex.Civ.App. 31, 56 S.W. 121; Kinlow v. Kinlow, 72 Tex. 639, 10 S.W. 729; Oury v. Saunders, supra." The allegations of appellant's petition apparently would not support a judgment establishing a resulting trust for appellant in the property, and she has not pointed out any evidence which would sustain such a judgment. Appellant's points 1 to 5, inclusive, are overruled.

Appellant's 6th point is to the effect that the court erred in refusing to permit her to testify to conversations with Charles H. Kocher, deceased, and to admissions made by said deceased person, and erred in holding that R.C.S. Art. 3716 prohibited the introduction of such testimony, since, where the deceased person is shown to be a trustee of some trust, said statute does not apply.

Rule 418 of Texas Rules of Civil Procedure provides in its paragraph (c), among other things, "If complaint is made of the improper admission or rejection of evidence the full substance of such evidence so admitted or rejected shall be set out with reference to the pages of the record where the same may be found." See also Rules 372, 373. Appellant has not so set out the full substance of the evidence so rejected by the court with reference to the pages of the record where the same may be found. We have no means of knowing from appellant's brief if the evidence which she complains that the court would not admit has been incorporated in the statement of facts or preserved in the record. We overrule appellant's sixth point.

Prior to the submission of this cause two motions, which were filed by appellees, were ordered by this court taken with the case. These were a motion to strike the transcript and supplemental transcript, and a motion to strike appellant's "Excerpts of Testimony," and "Statement of Facts-Amended." The "Excerpts of Testimony" and the "Statement of Facts-Amended" represent, respectively, the first and second attempt of appellant to bring up an abbreviated statement of facts under Rule 377.

We overrule appellees' motion to strike the transcript and supplemental transcript. But we are constrained to sustain the motion to strike the "Excerpts of Testimony" and the "Statement of Facts-Amended"; neither was approved by the trial court, nor agreed to by the parties. However, as appears above, we have treated the "Statement of Facts-Amended" as though it were a proper statement of facts. And if we are in error in sustaining said motion to strike, we must affirm the judgment of the trial court as against the points urged by appellant for the reasons given.

Judgment affirmed.